FREDERICK PARROTT

*v.*

ADAM KUMPF.

*Filed at Mt. Vernon March 29, 1882.*

1. HOMESTEAD—*purchaser under foreclosure—extent of his rights when homestead not released.* A purchaser of land at a sale under a decree of foreclosure of a mortgage, acquires by his deed the absolute title to all that was by the mortgage subjected to the payment of the debt, and no more. If the homestead is not properly released, he takes the surplus in value over $1000, but when the homestead has not been set off he acquires no right to the possession.

2. SAME—*indebtedness—whether for the purchase or improvement of the premises.* Money borrowed with a view of being used in the purchase or improvement of real estate, and which is so used, as between the borrower and lender does not constitute a debt or liability incurred for the purchase or improvement thereof, within the meaning of the Homestead law.

3. PAROL EVIDENCE—*as to whether premises sold under a mortgage were occupied as a homestead.* After the foreclosure of a mortgage in which the homestead is not released, and a sale and deed of the property is made, parol evidence is admissible, in an action of forcible detainer for possession, to show that the premises were occupied as a homestead at the time of the execution of the mortgage, and have been so occupied ever since. Such evidence is not to contradict or vary the record, but to show the *status* of the property at the time of the mortgage, and thus show what, in fact, was the subject matter of the mortgage, and hence the subject matter of the claim.

4. CONSTITUTIONAL LAW—*law for acknowledgment of deeds and mortgages—as impairing obligation of contracts.* The law in regard to the acknowledgment of deeds and mortgages is not unconstitutional, as impairing the obligation of contracts. The legislature has the power to enact, as to future contracts, that the same shall not be binding or effective in any way without a seal, or without an acknowledgment of a specific kind. Such a statute only prescribes what shall be essential to constitute a valid contract.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

On December 24, 1872, Adam Kumpf, and Maria, his wife, executed to Frederick Parrott a mortgage on certain real estate in Monroe county, to secure the payment of a note for $2000, five years from that date. On July 9, 1875, Kumpf and wife executed to Parrott another mortgage, to secure the payment of a note of that date for $500, payable December 24, 1877. Both notes bore interest from date, at the rate of ten per cent per annum. After maturity of these notes, Parrott filed his bill against the makers of these mortgages, and certain judgment creditors of the makers, and at the March term, 1878, of the circuit court of that county, procured a decree of foreclosure, directing, among other things, in default of payment of the amount found due by the decree, that "the mortgaged premises mentioned in the bill of com-

plaint," (setting the same out by metes and bounds,) "or so much thereof as may be necessary to satisfy this decree, be sold" by the master in chancery, and "that the master, on sale of such mortgaged premises, execute a certificate of purchase to each purchaser, and in default of redemption within fifteen months, the master shall make and execute to the purchaser, or his assignee, a deed in fee simple of said premises." Under that decree the master, on May 11, 1878, sold the premises to Frederick Parrott, and gave him a certificate of purchase, and on August 13, 1879, the time of redemption having elapsed without redemption, the master executed to Parrott a deed, reciting the decree and sale, etc., and conveying to Parrott, his heirs and assigns forever, the premises described in the mortgage. On January 19, 1880, Parrott demanded possession from Kumpf in writing, which was refused. He thereupon brought this action of forcible detainer to recover the possession of the land named in the mortgage, the decree, and the master's deed.

On a trial had before the court (a jury being waived) the plaintiff put in evidence the decree and master's deed, and his written demand of possession, and proved the fact of present possession. The defendant then proved by parol that at the time of the making of the first mortgage, and ever since, the premises in question were occupied by Kumpf and his family, as a homestead. This testimony was received against plaintiff's objection, and exception. It was also proven that the mortgages were neither of them given for purchase money, or to pay for improvements, but on cross-examination it appeared that the last mortgage was given for $500 cash loaned to Kumpf, to be expended in rebuilding a shop which had been destroyed, and that the money was in fact paid out by Kumpf in such rebuilding, and so was expended for improvements made upon the premises. Defendant produced, and put in evidence, the original mortgages on which the decree was founded, and it appeared, on

inspection, that in the execution and acknowledgment thereof by Kumpf and his wife, no relinquishment of the right or estate of homestead was made, according to the requirements of the statute. On this proof the circuit court found for defendant, and gave judgment upon the finding. On appeal to the Appellate Court that judgment was affirmed. Parrott now appeals to this court.

Mr. E. P. SLATE, and Mr. R. A. D. WILBANKS, for the appellant.

Mr. WM. WINKELMANN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We think the judgment of the circuit court is right. Under the foreclosure proceedings the purchaser under the decree acquired by his deed the absolute title to all that was by the mortgages subjected to the payment of the debt, and he acquired no more. He took the surplus in value in excess of $1000. His right so acquired gives him no right to the possession in the present condition of affairs.

Appellant's counsel insist that it was incompetent to prove the homestead right, because its object and effect was "to change or affect the judgment or decree of a court of record," and invoke the doctrine that a record can not be opened, modified or contradicted by parol evidence. The doctrine is sound, but has no application. The evidence did not tend to show that the purchaser did not take all that was conveyed by the mortgage. It was admitted to show the *status* of the property at the time of the mortgage, and thus show what in fact was the subject matter of the mortgage, and hence the subject matter of the decree. There was no adjudication that Kumpf did not have a homestead estate, or that he had alienated a homestead estate, hence it is no impeachment of the decree to show that he had such estate, which the decree does not profess to deal with.

It is also contended that the homestead estate was not exempt from the lien of the second mortgage, because that mortgage was given, as appellant insists, for improvements on the houses on the premises, and the money was used for that purpose. The language of the statute is: "No property shall, by virtue of this act, be exempt from sale   *    *    * for a debt or liability incurred for the purchase or *improvement* thereof." Where money is borrowed with a view of being used in the purchase or improvement of real estate, and is so used, it can not, in such case, be said properly that the liability or debt incurred by such borrowing is a debt incurred for the purchase of the property, or a debt or liability for the improvement thereof. As between the lender and borrower, it is a liability for money loaned. As between the borrower and the vendor to him of the property, it may be purchase money, and as between the borrower and the maker of the improvements, it may be regarded as paid for a debt "for improvement thereof." In this case we are not dealing with the relations of such parties, and we think this provision of the statute has no application here. (*Eyster* v. *Hatheway*, 50 Ill. 531.)

Lastly, it is insisted "that the law with regard to the acknowledgment of deeds and mortgages is unconstitutional and void, as impairing the obligation of contracts." The claim is, "that deeds and mortgages are contracts, and that after they are signed by the parties then the contract is complete, and if not acknowledged at all, the contract is good between the parties." Whether a contract be complete by the mere signing by the parties, depends upon the law of the place at the time when the contract is signed. It is within legislative power to enact, as to future contracts, that the same shall not be binding or effective in any way without a seal, or without an acknowledgment of a specific kind, or without being recorded. Where any such enactments are in force, papers purporting to be contracts, though signed by

the parties, are not in reality contracts at all until the statutory condition be complied with. Such statutes do not impair the obligations of a contract. They simply prescribe what shall be essential to constitute a valid contract. No constitutional provisions forbid such enactments.

The judgment of the Appellate Court in this case is therefore affirmed.

*Judgment affirmed.*