SHEPHERD F. KNAPP, as Receiver, etc., Respondent, *v.* WALTER ROCHE, Appellant.

Where a complaint contains an allegation of non-payment as a necessary and material fact to constitute the cause of action, proof of payment is admissible under a general denial in the answer.

Satisfaction by one joint tortfeasor is a bar to an action against another: so a partial satisfaction by one is proper to be shown by another in mitigation of damages.

In an action brought by a receiver of an insolvent savings bank against an officer thereof to recover damages for losses alleged to have been occasioned by illegal loans made by him, it appeared that two other officers co-operated in making the loans; the complaint averred and it also appeared by plaintiff's evidence that portions of such loans remained unpaid. Defendant then offered to prove payment by one of the other officers of a specified sum on account of such claim; this was objected to and excluded. *Held* error; that to maintain the action it was not sufficient to allege and show illegal loans merely, but also damages resulting therefrom, as that the loans had not been paid; and therefore it was competent in reduction of damages to show that a portion of the moneys illegally taken from the bank had been refunded by one jointly liable with defendant therefor; also that the evidence was proper under a general denial in the answer.

(Argued November 27, 1883 ; decided January 15, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 14, 1878, which modified and affirmed as modified a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Erastus Cooke* for appellant. An action against an officer of a bank, for making loans of its funds in a manner not authorized by law, can only be maintained by strict proof that the corporate funds or property have been lost and wasted, and the corporation has suffered actual loss. (2 Saunders on Pl. and Ev. [5th Am. ed.], part II, p. 1023 ; Story on Agency, § 236; *Com. Bk. of Albany* v. *Ten Eyck*, 48 N. Y. 305, 311.) In the case at bar there was no evidence whatever of the taking or loaning of any money, or indeed of any tangible thing, and, therefore, no support for any part of the plaintiff's claim. (*Mott* v. *U. S. Trust Co.*, 19 Barb. 569 ; *U. S. Trust Co.* v. *Brady*, 20 id. 119 ; *Pratt* v. *Short*, 79 N. Y. 437 ; *Pratt* v. *Eaton*, id. 449 ; *Duncomb* v. *N. Y., H. & Cent. R. R. Co.*, 84 id. 190.) Until a surrender or restoration to Colburn of the securities which the bank received, the acts of the defendant in hostility to the charter of the bank could not be avoided. (*Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190, 199.) A joint action may be maintained against all the officers who participated in any wrongful act, or any violation of the charter, or a separate action may be brought against each, and a recovery had for the whole amount of the loss caused by the acts of each. There may be but one satisfaction, but there may be several judgments for the wrongful acts of each. (*Livingston* v. *Bishop*, 1 Johns. 290 ; *Traders' Ins. Co.* v. *Roberts*, 9 Wend. 474, 476 ; *Kasson* v. *People*, 44 Barb. 347.) The court had undoubted power to amend the defendant's answer on the trial. (Code of Procedure, § 173 ; *Reeder* v. *Sayre*, 70 N. Y. 181; *Knapp* v. *Roche*, 37 N. Y. Sup. Ct. 406 ; *Chapman* v. *Dobson*, 78 N. Y. 74 ; *Smith* v. *Rathbun*, 75 id. 122, 125 ; *Parsons* v. *Sutton*, 66 id. 92, 95 ; *Poillon* v. *Volkenning*, 11 Hun, 385 ; *Crosby* v. *Watts*, 41 N. Y. Supr. Ct. 208.) A new trial must be ordered when irrelevant evidence has been received under exception, unless the court can see that it would not have affected the verdict. (*Green* v. *H. R. R. R. Co.*, 32 Barb. 25, 34 ; *Erben* v. *Lorillard*, 19 N. Y. 299, 302, 305 ; *Wright* v. *Eq. & L. Ass. Co.*, 41 N. Y. Sup. Ct. 1, 16 ; *Knapp* v. *Roche*, 62 N. Y. 614.)

*John E. Develin* for respondent. The defendant, as an officer of the bank, was its agent, and under the same responsibility to it for any abuse of his powers or violation of his duties as the agent of an individual is to his principal. (*Austin* v. *Daniels*, 4 Dem. 299.) The defendant was prohibited by the act of incorporation from using its funds in any manner, except to pay its necessary current expenses. (Laws of 1868, chap. 831, § 6.) The jury having thus found upon competent evidence, their verdict conclusively establishes the point that the defendant made these loans. (*Decker* v. *Myers*, 31 How. Pr. 372; *Magee* v. *Osborne*, 32 N. Y. 669.) The moneys having been improperly disposed of by the defendant, for any loss occasioned thereby he is liable, and in an action, known under the former practice as an action on the case, a recovery may be had against him. (*Franklin Ins. Co.* v. *Jenkins*, 3 Wend. 134.) The fact that Smith, the president, co-operated with Roche, the vice-president, in some of these improper investments, or use of the funds of the bank, affords no defense to this action. (*Austin* v. *Daniels*, 4 Denio, 299.) No business could be legally done by less than five trustees of the bank acting as a board. In this case, the loans having been made by only two, theirs were not a corporate act, but the act of two officers or trustees on their individual responsibility. (*Franklin F. Ins. Co.* v. *Jenkins*, 3 Wend. 134.) The judge had no power to permit on the trial an amendment to the answer setting up a new defense, viz., payment. (Code, § 723; *Van Syckels* v. *Perry*, 3 Rob. 621; *Woodruff* v. *Drekle*, 5 id. 619; *Ford* v. *Ford*, 53 Barb. 525.)

RUGER, Ch. J. This action is brought by the receiver of an insolvent moneyed corporation against its vice-president to recover damages for losses occasioned by alleged illegal loans made by him of the funds of the corporation.

Such corporation was a savings bank, organized under a special act of the legislature (Chap. 831, Laws of 1868), by which it was authorized to invest its funds only in certain specified securities.

It was claimed that the defendant loaned the moneys of the bank to Avenue C. railroad, and to one D. K. Colburn, upon securities not authorized by the act of incorporation.

The only damage occurring to such bank in consequence of the acts of the defendant, as stated in the complaint, was that such loans remained due and unpaid at the time of the commencement of the action.

To this part of the complaint the defendant interposed a general denial. The defendant also by a supplemental answer pleaded as a defense to the action that Henry Smith, president, and Reeves E. Selmes, secretary of said bank, were jointly liable with defendant for the causes of action alleged in the complaint, and that for a good consideration paid by the said Smith and Selmes to the plaintiff they had been released and discharged from liability on account of said several causes of action, and claimed that thereby the said defendant became also discharged therefrom.

In support of the action on the trial the plaintiff gave evidence tending to show that Henry Smith, the president, Reeves E. Selmes, secretary, and the defendant, as vice-president of the Bowling Green Savings Bank, co-operated in making the alleged illegal loans, and that portions of such loans remained unpaid when the case was tried.

The defendant in answer to the case made by the plaintiff offered to prove the payment by Henry Smith to the plaintiff of the sum of $45,000 on account of the alleged overdrafts which the evidence showed were the basis of the plaintiff's claim against the defendant.

This evidence was upon objection excluded by the court, and the defendant excepted to such exclusion.

In rejecting this evidence we think the court erred. The allegations in the complaint that the several unauthorized loans made by the defendant remained unpaid at the commencement of the action were necessary and material in order to constitute a good cause of action against the defendant. In the absence of these allegations there would have been shown by the

complaint no cause of action, inasmuch, as it showed no damage resulting to the plaintiff from the injuries complained of.

It is essential to the maintenance of an action for a tort that damages should accompany the act complained of, otherwise it is *damnum absque injuria* for which no action lies. (*Commercial Bank* v. *Ten Eyck*, 48 N. Y. 305; *People* v. *Stephens*, 71 id. 541.)

The mere allegation that the officers of a bank have made illegal loans of the moneys of such bank, or committed other tortious acts, would not show a cause of action in favor of the bank against the officers.

It was, therefore, an essential part of the plaintiff's case to allege the non-payment of the loans in question, from which the damage to the plaintiff might be inferred.

This may not have been very correct pleading on the part of the plaintiff, but it constitutes the only theory upon which the complaint can be held to have stated a cause of action.

A general denial of the allegations of the complaint therefore put in issue the fact of non-payment, and rendered evidence controverting that fact admissible under the answer.

While it is generally true that a defense of payment is inadmissible under a general denial this is not so when the fact of non-payment is alleged in the complaint as a necessary and material fact to constitute a cause of action. (*Van Giesen* v. *Van Giesen*, 10 N. Y. 316; *McKyring* v. *Bull*, 16 id. 297; *Quin* v. *Lloyd*, 41 id. 349.) It is always competent to prove under a general denial any facts tending to controvert the material affirmative allegations of a complaint. (*Quin* v. *Lloyd*, *supra*; *Beaty* v. *Swarthout*, 32 Barb. 293; *Howell* v. *Biddlecom*, 62 id. 131.)

Under the general denial in this case it was competent for defendant to prove any facts tending to show that the plaintiff had not suffered damages to the extent claimed by him. For this purpose he could prove that the moneys illegally taken from the bank had been refunded, either by the alleged borrower or any one jointly liable with himself for the injury complained of. (*Hun* v. *Van Dyck*, 26 Hun, 567; affirmed, 92

N. Y. 660.) While a plea of payment by a stranger, between whom and the defendant there is no privity, has sometimes been held to be unavailable as a defense (*Bleakley* v. *White*, 4 Paige, 654; *Atlantic Dock Co.* v. *Mayor of New York*, 53 N. Y. 67), yet satisfaction by one joint tortfeasor, has always been held to be available as a bar to an action against another. (*Livingston* v. *Bishop*, 1 Johns. 291; *Thomas* v. *Rumsey*, 6 id. 31; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 635; *Woods* v. *Pangburn*, 75 id. 498.) This rule applies with equal reason to a partial satisfaction by one of the wrong-doers for the damages occasioned by the joint wrongful act of both. Such evidence is proper in mitigation of damages, and under the former practice was admissible under the general issue. (*Daniels* v. *Hallenbeck*, 19 Wend. 409; *Bush* v. *Prosser*, 11 N. Y. 347; *Wilmarth* v. *Babcock*, 2 Hill, 194.)

Without considering the other questions raised on this appeal, we think that, for the reasons stated, the judgment should be reversed and a new trial ordered with costs to abide the event.

All concur.

Judgment reversed.