## WATSON v. THOMPSON LUMBER CO.

49 83
71 517

MORTGAGE OF PERSONAL PROPERTY: *Record of, when executed by a foreign corporation.*

Under Section 4742 of Mansfield's Digest a mortgage for personal property creates no lien as against strangers, unless acknowledged and recorded " in the county in which the mortgagor resides." A foreign corporation, though engaged in business in a county of this State, is not a resident thereof, and therefore a mortgage executed and filed for record in such county, though good between the parties, is not valid as against creditors of the mortgagor, who sue out executions and cause the property to be levied on, before the commencement of an action to foreclose the mortgage.

APPEAL from *Clay* Circuit Court in Chancery.
W. H. CATE, Judge.

*J. C. Hawthorne* for appellant.

The fact that the appellees were laborers or employes gave them no lien on the property. Laborers have a lien on the production of their labor only. *Mansf. Dig., sec. 4425.*

Directors of a corporation can prefer their own debts to those of others, and the mortgage was not void because McMillion & Ebbert were directors. *17 Wall, 610; 16 id., 390; 11 id., 96; 8 Va. L. J., 597; 16 Iowa, 284; 20 Vt., 425; 1 Waits, 385; 60 Penn. St., 290; 1 Spear's Eq., 545; 1 Otto, 587; 47 Conn., 47; 6 Conn., 233; 13 Metc., 497; Field on Corp., sec. 177.*

Corporations have all the powers of natural persons as respects their contracts, except when they are expressly or by necessary implication reserved. *48 Ill., 423.* They may contract, purchase, borrow money, and give notes and mortgages. *21 N. Y., 296; 3 R. I., 199; 14 Ind., 203; 24 Ill., 180; 13 Wisc., 653.*

BATTLE, J. The Thompson Lumber Company, a foreign corporation, being indebted to McMillion & Ebbert in the sum of $14,569.05, executed to them its three promissory notes for the same and a trust mortgage to secure the payment thereof. The property mortgaged consisted of lands and personal property, and remained in the possession of the mortgagor until seized by its creditors under execution. The mortgage was filed after it was acknowledged, for record in Clay county, in this State, where the mortgagor at that time was doing business and all the mortgaged property was situated. McMillion & Ebbert being involved in debt, assigned the notes and mortgage with other property to Howard Watson for the benefit of their creditors. Thirty-five of the creditors of the Thompson Lumber Company sued and recovered judgments against it before a justice of the peace of Clay county, and, after the mortgage was filed for record, sued out executions on their several judgments and caused the same to be levied on a portion of the personal property which was mortgaged. After they were issued and levied, Watson brought this action to foreclose the mortgage, making the Thompson Lumber

Company, the thirty-five creditors, and others defendants therein. As to the property seized under execution the court below found and decreed in favor of the thirty-five creditors, and as to the remainder, in favor of plaintiff, and plaintiff appealed.

It has been repeatedly held by this court that " a mortgage is good between the parties thereto, though not acknowledged and recorded, but constitutes no lien upon the mortgaged property as against strangers, unless it is acknowledged and recorded, even though they may have actual notice of its existence." *Main v. Alexander, 9 Ark., 112; Jacoway v. Gault, 20 Ark., 190; Hannah v. Carrington, 18 Ark., 105.*

Section 4742 of Mansfield's Digest reads as follows: "All mortgages, whether for real or personal estate, shall be proved or acknowledged in the same manner that deeds for the conveyance of real estate are now required by law to be proved or acknowledged; and when so proved or acknowledged shall be recorded—if for lands, in the county or counties in which the lands lie, and if for personal property, in the county in which the mortgagor resides."

It follows then, that, while the mortgage sued on was good as between the parties, it was no lien on the personal property seized under execution as against the creditors suing out the executions, unless it was acknowledged or proved, and filed for record in the county of the mortgagor's residence. The mortgagor was a foreign corporation and was actively and continuously engaged in business in Clay county, in this State, at and before the time the mortgage was executed and filed for record. Where did it reside?

*CHATTEL MORTGAGE: Record of: Foreign corporation.*

Chief Justice TANEY, in delivering the opinion of the court, in *Bank of Augusta v. Earle, 13 Peters, 588,* said: " It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of the law,

Watson v. Thompson Lumber Co.

and by force of the law, and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But although it must live and have its being in that State only, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one State creates no insuperable objection to its power of contracting in another. It is indeed a mere artificial being, invisible and intangible; yet it is a person, for certain purposes in contemplation of law, and has been recognized as such by the decisions of this court. It was so held in the case of the *United States v. Amedy, 11 Wheat, 412*, and in *Beaston v. The Farmers' Bank of Delaware, 12 Peters, 135*. Now, natural persons, through the intervention of agents, are continually making contracts in countries in which they do not reside, and when they are not personally present when the contract is made, and nobody has ever doubted the validity of these agreements. And what greater objection can there be to the capacity of an artificial person, by its agents, to make a contract within the scope of its limited powers, in a sovereignty in which it does not reside, provided such contracts are permitted to be made by them by the laws of the place? The corporation must no doubt show that the law of its creation gave it authority to make such contracts, through such agents. Yet, as in the case of a natural person, it is not necessary that it should actually exist in the sovereignty in which the contract is made. It is sufficient that its existence as an artificial person, in the state of its creation, is acknowledged and recognized by the law of the nation where the dealing takes place; and that it is permitted by the laws of that place to exercise there the powers with which it is endowed."

See, also, *Ex Parte Schollenberger, 86 U. S., 377; Stafford v. American Mills Co., 13 R. I., 310; Cowardin v. Universal*

*Life Insurance Co., 32 Gratt, 446; Blackstone Manf. Co. v. Inhabitants of Blackstone, 13 Gray, 488.*

The Thompson Lumber Company, then, was not a resident of this State.

We, therefore, conclude that the mortgage sued on was not valid against the creditors who sued out executions and caused the same to be levied before the commencement of this action, as to the personal property levied on. *Smith v. Moore, 11 N. H., 63; Bither v. Buswell, 51 Me., 601; Cook v. Hager, 3 Colorado, 386; Stewart v. Platt, 101 U. S., 731; Briggs v. Leitel, 41 Mich., 80.*

Decree affirmed.