“ McAdam, J.
There is much confusion in the evidence, but no conflict. The fa.cts are easily collated. The defendant employed the plaintiff to procure a builder’s loan of $180,000 on property in East Fourteenth street, and agreed to pay for procuring it $7,000, which was to cover brokerage, lawyer’s fees, searching title and all other expenses. The plaintiff, ■acting under this employment, introduced the defendant to the Metropolitan Life Insurance Company, the oEcers of which were well acquainted with the plaintiff.
A formal application, giving the details of the property and the contemplated buildings, was there prepared with great particularity and subscribed by the defendant. The company oEcially approved of the application and agreed to make the loan, of which the defendant had due notice. The insurance company, according to the uncontradicted evidence of .its officers, was able as well as willing to make the loan. The broker’s duty ended there. He did all it was possible for him to do in the matter—he could do no more. The ultimate failure to consummate the transaction was owing to some subsequent disagreement between the company and the defendant as to the latter’s ability to comply with the terms of his application—a misunderstanding that in no way concerned the broker.
“ The court, at. the trial, offered to allow the defendant to show, in defence, that the insurance company failed to keep its part of the understanding according to the written application and acceptance, and finally offered to send the case to the jury on the question whether the company had offered full performance, on its part, of the written compact, with an ability to comply. The defendant failed to give the proof and declined to go to the jury on the question. The offer by the defendant to prove that the *420 plaintiff was to divide his brokerage with three other persons was abortive, for two reasons: (1) If the money was to be first received by the plaintiff and afterwards divided, the evidence offered would not have constituted a defence, for the plaintiff could not have made the necessary division until he received the money. He was entitled, to it in his own right and as a trustee for the others. (2) If the three other persons were, in the first instance, to receive the brokerage jointly with the plaintiff, the failure to plead the non-joinder of the other three was fatal to the offer (Barbour on Parties, 308 3 1 Wait’s Pr. 119 ; Karelson v. Sun F. I. Co., 45 Hun, 144 ; Fairmount C. & I. Co. v. Hashecht, 48 Ib. 206.) The defendant was also bound to plead payment if he intended to insist upon that as a defence. Such a defence must be specially pleaded (McKyring v. Bull, 16 N. Y. 297), except in the one exceptional instance where the non-payment must be affirmatively proved to establish the plaintiff’s cause of action (Knapp v. Roach, 94 N. Y. 329), and this case is not of that peculiar character. The subsequent attempted modifications of the- contract made between the insurance company and the defendant were not provable (1) because they did not effect the broker, and (2) if they did, they were not specially pleaded.
“ The general denial allowed by the Code permits a defendant to disprove anything the plaintiff alleges, or any fact the plaintiff must establish to show a cause of action, or to mitigate the damages, but not to. prove a defence founded on new matter (Code, § 500, subd. 2 ; Morrell v. Irving F. I. Co., 33 N. Y. 429; Weaver v. Barden, 49 Ib. 286 ; Brennan v. The Mayor, 62 Ib. 365 ; Clifford v. Dam, 81 Ib. 52). The rulings at the trial were in accordance with these views and are correct. The plaintiff did not seek to recover the contract price ($7,000) for his services, as this included expenses which were not made. He claimed and recovered the statutory rate allowed for such work, viz., *421 one-half of one per cent, aggregating with interest, $967.50. No point was raised at the trial as to the propriety of this course. In conclusion, it is only necessary to say, that as the defendant declined to go to the jury on the only question of fact in the case, the verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.”
Thomas J. L. McManus, attorney and of counsel, for appellant, argued :—
I. The court erred in excluding evidence that plaintiff and defendant agreed that the loan might be shifted to other property and that the plaintiff would, charge no brokerage to defendant in consequence. (1) This was a new consideration, i. e., the change making a new state of facts ; or (2) It was in the nature of payment which was admissible under a general denial for the reason that the cause of action itself is one in which non-payment is a material fact to constitute a cause of action. Knapp v. Roach, 94 N. Y. 329. The question whether the plaintiff was the broker who was the procuring cause of the loan should have gone to the jury, and it was error to direct a verdict without submitting that question in connection with the one whether or not the company had failed to comply with the contract. Bonwell v. Howes, 1 N. Y. Supl. 435.
II. The plaintiff was bound to prove that he was the sole party in interest. If he had testified on the stand that he and other parties procured the loan, not having alleged that fact, his complaint would have been dismissed. Evidence that he was not the sole party in interest should have been admitted.
III. Under our form of pleading everything that controverts the position of the plaintiff may be offered under a general denial. Griswold v. Frost, 14 Barb. 536. It was error to direct a verdict because there was *422 no proof that the loan was actually procured. A mere offer to loan is not sufficient. Crasto v. White, 5 N. Y. Supplement, 718. Mr. Justice Van Brunt, P. J., in .Crasto v. White uses this language : “ He has been, probably led astray by being unable to distinguish between a contract to procure a loan and a contract to procure a purchaser where the purchaser does not sub-, sequently take for some reason.” Here a distinction is made between a purchaser who refuses to take title and-, a borrower who refuses to take the money. The procurement and acceptance must be followed by the actual making of the loan. If it can be proved that the plaintiff and defendant are partners, it can likewise be proved that the plaintiff had a partner who was not defendant Healy v. Clark, 12 State Rep. 685.
*421 The facts sufficiently appear in the above opinioiq and in the head notes.
Arnoux, Hitch & Woodford, attorneys, and Haley Fiske of counsel, for respondent, argued :—
■ I. The alleged defence of defect of parties plaintiff was waived by .failure to plead it., Code Civil Proc., §§ 488, 498, 499. Under these sections the defect, if it appears in the complaint, must be raised by demurrer ; if not, by answer; and if not thus raised is waived. But there was no such defect. The testimony intro-: duced by defendant was that plaintiff was to get the: money and divide with the others—the loan was to be through plaintiff. Under these circumstances plaintiff would be properly the sole party plaintiff as being a person in whose name a contract was made for benefit of others. Code Civ. Pro., § 449.
II. Under the answer no evidence was admissible that plaintiff released defendant from payment for-his services in the transaction in suit by reason of his being paid in another transaction by other parties., This was the effect of the evidence offered and excluded. It seems clear that whether the offered defence was, release or payment it would have to be pleaded. We shall not cite authorities on this point. The learned *423 judge below cited several. There are none in conflict. The one cited by defendants (94 N. Y. 329) is not in point. That was an action in tort against a bank officer for making an unauthorized loan. Of course, if the unauthorized loan was paid by the borrower the plaintiff would be damnum absque injuria; and that was the offer. It was an offer to show that plaintiff had no cause of action, not that it had been satisfied.
III. As to defendant’s contention that the question should have gone to the jury as to whether plaintiff “was the procuring cause of the loan,” we say (1) no. such request was made; (2) there was no conflict or confusion of evidence on the point—and (3) the court distinctly offered to receive evidence that some one else procured the loan, but the witness proved conclusively that Wemple did it. :
Per Curiam.
The judgment and order are affirmed, with costs, upon the opinion of the judge below, given on the decision of the motion for a new trial.