## CLARK v. STRONG.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. LEASE—RIGHT TO TAKE WATER FROM SPRING.

A contract by which a landowner gives to another the right to convey water from a spring is not a lease.

2. LICENSE—REVOCATION.

A license, even if a consideration is paid therefor, is revoked by the death of the licensor.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Licenses, § 115.]

3. CONVEYANCE OF EASEMENT—FREEHOLD ESTATE.

An instrument conveying the right to lay pipes over real property, and convey water from a spring thereon, so long as the grantee or any of his family occupies certain lands, conveys a freehold estate in an interest in the land, and is within Real Property Law, § 208 (Laws 1896, p. 593, c. 547), providing that a grant of a freehold estate not acknowledged before delivery must be attested by at least one witness in order to take effect as against a subsequent purchaser.

**4. VENDOR AND PURCHASER—STATUS OF DEVISEE.**

  A devisee is a purchaser within Real Property Law, § 208 (Laws 1896, p. 593, c. 547), requiring conveyances of freehold estates to be attested in order to be effectual as against subsequent purchasers.

**5. PRACTICE—FAILURE TO ANSWER—RIGHT TO APPEAL.**

  The complaint in foreclosure alleged that appellants and a codefendant claimed some interest in the mortgaged premises. The codefendant filed an answer seeking affirmative relief as against appellants, but did not serve a copy of his answer on appellants, who, however, were present at the trial and took part therein. *Held,* that the fact that appellants filed no answer to the complaint did not deprive them of the right to appeal from a judgment granting their codefendants' prayer for relief against them.

Appeal from Trial Term, Delaware County.

Action by Charles E. Clark against Ira Strong and others, in which the defendant named filed an answer seeking certain affirmative relief as against his codefendants. From a judgment granting defendant's prayer for affirmative relief, Lincoln A. Groat and others, defendants, appeal. Modified.

One Norman W. Groat, on the 2d day of November, 1896, made and delivered to one Pomeroy his bond, conditioned to pay the sum of $800, and interest, as therein specified, and, as collateral thereto, said Groat and wife executed and delivered to said Pomeroy a mortgage on certain real property therein described which was then owned by the said Groat. Said mortgage was recorded in the office of the clerk of said county on the 4th day of November, 1896. The plaintiff thereafter became the owner of said bond and mortgage. Said Groat died on the 16th day of November, 1900, leaving a last will and testament, whereby he devised to the defendant Phoebe J. Groat, his wife, a life interest in said mortgaged property, and to his children, the defendants Lincoln A. Groat, Adelbert S. Groat, Orielle Taylor, and Viola Pomeroy, the remainder therein, and appointed the defendant Lincoln A. Groat his executor, and said will has since been duly admitted to probate, and letters testamentary have been issued to said Lincoln A. Groat. Upon said real property is a certain spring of water, and on the 11th day of January, 1898, said Norman W. Groat entered into an agreement with the defendant Ira Strong in relation to conveying the water from said spring, of which agreement the following is a copy:

"This agreement made by and between N. W. Groat of town of Franklin, County of Delaware, and State of New York, of the first part, and I. A. Strong of the same Town, County and State aforesaid of the second part.

"Witness that the party of the first part agrees to lease unto the party of the second part the privilege of conveying water from a certain spring in a pipe to the lands of the party of the second part, and to have the privilege of entering said lands any time to make any repairs necessary to keep water running. This lease to hold as long as the second party or any of their family own or occupy said lands.

"In consideration thereof the party of the second part and family agrees to return the waste water in a pipe to the land of first party and to keep the same in repair.

"And in witness thereof we have here set our hands on this 11th day of January, 1898.            N. W. Groat.

                         "I. A. Strong."

The execution and delivery of said agreement was not attested by at least one witness, and it was not and never has been acknowledged.

Said Ira Strong occupies the lands which he occupied at the date of said agreement, and soon after the date of said agreement, in reliance thereon, he laid pipes from said spring to his premises near the buildings thereon, and, from the receptacle there prepared for taking said water, he laid a pipe to the lands of said Groat, and discharged the waste water upon his said premises at a point agreed upon with said Groat, and he has since that time

maintained said pipes, and in so doing he incurred expense. The only consideration for the execution of said contract is named therein. The interest on said bond and mortgage was not paid after November 2, 1900, and this action was commenced to foreclose said mortgage.

The defendant Ira Strong interposed an answer, in which he alleged the making of said agreement and his incurring expense in reliance thereon, and asked that said real property, other than that part conveyed or leased to him, be first sold to satisfy the mortgage debt. The court found the facts substantially as herein stated, and also found, as a conclusion of law, that said agreement was made upon a sufficient consideration, and that it is valid and enforceable, and directed judgment in accordance with the demand of the defendant Strong, and judgment was entered accordingly. This appeal is taken on the judgment roll, and from that part of the judgment adjudging that said agreement was made on a sufficient consideration and is valid and enforceable, and also from that part directing that the mortgaged premises, exclusive of the rights of the defendant Strong under said agreement, be first sold, and also from that part awarding costs to the defendant Strong.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

L. F. Messer (Frank Gibbons, of counsel), for appellant Charles E. Clark.

Lincoln A. Groat, for appellants Lincoln A. Groat and others.

L. F. Raymond (E. H. Hanford, of counsel), for respondents.

CHASE, J. The respondent rests his claim wholly upon the written agreement. There are no findings of fact upon which equitable relief, if any, could be founded. Although the parties to the agreement therein call it a "lease," it is not a conveyance of an estate or interest in real property for life, for years, at will, or for a term less than the grantor had in the real property, and it is not a lease.

The parties have also therein referred to the rights granted or agreed upon as a "privilege." If the agreement is considered as a mere license, it was revoked by the death of the licensor, even if there was a consideration paid therefor. Wiseman v. Lucksinger, 84 N. Y. 31, 38 Am. Rep. 479; Eckerson v. Crippen, 110 N. Y. 585, 18 N. E. 443, 1 L. R. A. 487; Cronkhite v. Cronkhite, 94 N. Y. 329. We think the agreement was an attempt to convey an easement in the grantor's lands. The right to lay pipes over real property and convey water from a spring thereon is an easement for the benefit of the dominant estate. Nellis v. Munson, 108 N. Y. 453, 15 N. E. 739; Wiseman v. Lucksinger, supra. Such an interest in land is an interest in fee or of a freehold estate. Nellis v. Munson, supra. The term in the agreement is stated to be "as long as the second party or any of their family own or occupy said lands." An interest for such a term is not an absolute fee, because it is possible that it may at some time be terminated. It is a base or qualified fee or freehold estate. Gerard on Titles to Real Estate (4th Ed.) 115. By section 208 of the real property law (chapter 547, p. 593, Laws of 1896) it is provided:

"A grant in fee or of a freehold estate, must be subscribed by the person from whom the estate or interest conveyed is intended to pass, or by his lawful agent. If not duly acknowledged before its delivery, according to the

provisions of this chapter, its execution and delivery must be attested by at least one witness, or, if not so attested, it does not take effect as against a subsequent purchaser or encumbrancer until so acknowledged."

The agreement, not having been executed and delivered before at least one witness, and not having been acknowledged, does not take effect as against a subsequent purchaser or incumbrancer of the grantor. The appellant defendants are devisees of Norman W. Groat, and purchasers within the meaning of the real property law. Am. & Eng. Ency. of Law (2d Ed.) vol. 23, 464; Stamm v. Bostwick, 40 Hun, 35, affirmed 122 N. Y. 48, 25 N. E. 233, 9 L. R. A. 597.

The authority of the court to direct that the mortgaged property, other than the water rights described in the agreement, should be first sold before selling such water rights, is dependent upon such rights having been alienated as against the defendant appellants in this action. As the agreement does not take effect as against the defendant appellants, the court was in error in its direction in regard to said sale. The respondent asserts that the appeal of the defendant appellants should be dismissed because they did not answer the plaintiff's complaint. The plaintiff's complaint was in the usual form in foreclosure. It alleged generally that the defendants have or claim to have some interest in or lien upon the mortgaged premises. It is true that the defendant Strong claimed an interest in the mortgaged premises. There was no occasion, therefore, for the defendant appellants to answer the plaintiff's complaint. The defendant Strong did not serve a copy of his answer upon his codefendants. The defendant appellants appeared in the action, and were present at the trial and took part therein, but no pleading had ever been served on them, or either of them, alleging affirmatively what rights the defendant Strong claimed in the mortgaged property, or that he sought to have his rights determined by the judgment to be entered in the action. Under such circumstances the defendant appellants should not be deprived of their right to appeal. See Bliss v. Fosdick, 76 Hun, 508, 27 N. Y. Supp. 1053.

The judgment should be modified by striking therefrom the provision therein adjudging that said agreement is valid and enforceable, also the provision therein adjudging that the mortgaged premises, other than the rights of the defendant Strong under said agreement, shall be first sold, and also the provision therein adjudging that the defendant Strong be paid his costs and charges in the action, and, as so modified, affirmed, with one bill of costs in this court to the appellants against the respondent. All concur.