"Where, by the terms of an instrument creating an estate, there may be an unlawful suspension of the power of alienation or of the absolute ownership, the limitation is void, although it turn out by subsequent events that no actual suspension beyond the prescribed period would have taken place."

Herzog v. Title Guaranty & Trust Co., 177 N. Y. 86, and cases cited on page 99, 69 N. E. 283, on page 287, 67 L. R. A. 146.

We think this case presents no exception to the rule, and for this reason, in addition to those stated in our former opinion, affirm the judgment now appealed from, with costs to all parties to the appeal, payable out of the fund. All concur.

---

QUINN v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. PLEADING—CONTRACTS—ISSUES—GENERAL DENIAL.

Where, in an action against a carrier for injuries to cattle shipped, the complaint alleged that the cattle were shipped pursuant to an agreement, and assumed to state its purport in a general way, such agreement was properly put in issue by defendant's general denial.

2. CARRIERS—TRANSPORTATION OF CATTLE—INJURIES—ACTION—EVIDENCE.

Where, in an action for injuries to cattle shipped, the complaint alleged that they were shipped pursuant to an agreement, the purport of which plaintiff assumed to state in a general way, defendant, having disavowed the agreement so alleged, was entitled to introduce the written contract in evidence.

Appeal from Justice Court of Allegany County.

Action by Nicholas H. Quinn against the Pennsylvania Railroad Company. From a judgment of the County Court affirming a justice's judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frank Rumsey, for appellant.
H. E. Keller, for respondent.

SPRING, J. The plaintiff commenced his action in Justice's Court to recover for injuries sustained by 32 head of cattle shipped by him at Cuba, N. Y., on the Erie Railroad to Lancaster, Pa., and which were delivered to the defendant as a common carrier at Harrisburg. The complaint, after setting forth these facts, and including the delivery of the cattle, proceeds:

"Which cattle defendant, for a valuable consideration agreed upon, agreed it would safely, securely, and expeditiously, within a reasonable time thereafter, carry and convey said cattle from said station at Elmira, N. Y., to said place of Lancaster, Pennsylvania, and would deliver the same at Lancaster, Pennsylvania, to this plaintiff. That, notwithstanding said agreement, and in violation of their duty as common carriers, the said defendant so negligently and wrongfully transported said cattle from Elmira, N. Y., to Lancaster, Pennsylvania, that three head of said cattle when they arrived at Lancaster, Pennsylvania, on the 8th day of November, 1904, were nearly dead and practically worthless, as the immediate and proximate result of the negligent acts of the defendant, and that the remainder of said cattle when they arrived at Lancaster, Pennsylvania, on Nov. 8, 1904, were all injured more or less, owing to the negligence on the part of said defendant."

It then alleges other facts imputing negligence to the defendant, particularly an unreasonable and negligent delay in transporting the cattle. The answer was a general denial.

Upon the trial the plaintiff proved the delivery of the goods to the Erie Railroad Company at Cuba, following their course along, day by day, until they were delivered to the defendant, a common carrier, at Harrisburg, Pa., at 3 o'clock in the afternoon of November 7th. · The cattle were then unloaded by the defendant, fed and watered, and placed back in the car about 8:30 that evening. The proof shows that at that time they were in fair condition, except one had fallen down, but did not seem to be injured to any extent. The distance from Harrisburg to Lancaster is 36 miles, and the car did not reach that place until about 8 o'clock in the evening of the following day, so that the cattle were 24 hours in the custody of the defendant in going these 36 miles. When they were unloaded at Lancaster, three of them were badly bruised and injured, and the others were in bad condition, and the plaintiff recovered $90.

Upon the cross-examination of the plaintiff, and in various other ways, the defendant attempted to show that a written agreement had been entered into at the time of the shipment of the cattle, limiting the liability of the Erie Railroad Company and each connecting carrier, which, of course, included the defendant. The reception of this agreement was objected to on several grounds, among others, that it was inadmissible under the pleadings. The objection was sustained, and the contract was excluded. It was, however, marked for identification, and appears in the record, and is a written agreement regulating the transportation of the cattle, and modifying materially the stringent obligation otherwise imposed upon the defendant as a common carrier. The exclusion of this testimony is the only question argued on this appeal.

The evidence should have been received. The complaint alleged that the cattle were shipped pursuant to an agreement, and assumed to state in a general way its purport. The general denial put in issue this agreement. It was not necessary to allege affirmatively the text of the agreement as the defendant interpreted it. The defendant disavowed the agreement contained in the complaint, and that allegation permitted it to show the true agreement.

The plaintiff, ignoring the contract, endeavored to make his case by proving facts which tended to establish the liability of the defendant as a common carrier. As soon as the fact appeared that the rights of the parties had been fixed by contract, the defendant was entitled to have that instrument in evidence. If a plaintiff brings an action for services in one count, setting up an agreement, and another on a quantum meruit, and attempts to prove his case under the latter count, the defendant may establish the agreement, though his answer be a general denial. This would be true if the complaint was wholly on the quantum meruit. The agreement is not new matter, but tends to disprove the plaintiff's case, and goes to the root of the cause of action. The gist of the complaint is an agreement, and it is always competent under a general denial to challenge the allegations of the complaint by facts tending to contradict

them. As was said in Knapp v. Roche, 94 N. Y. 329, at page 333: "It is always competent to prove under a general denial any facts tending to controvert the material affirmative allegations of a complaint."

The error was substantial, and a reversal is necessary.

Judgment of the County Court and of the justice of the peace is reversed, with costs and disbursements of this appeal and the costs in the court below. All concur.