HUTTON ET AL. *v.* McGUIRE ET AL.

[No. 12,759. Filed April 20, 1928. Rehearing denied June 29, 1928. Transfer denied November 1, 1928.]

*William J. Whinery,* for appellants.
*Bomberger, Peters & Morthland,* for appellees.

THOMPSON, J.—This is an appeal involving a foreclosure of mechanics' liens on real estate belonging to appellants.

On April 28, 1923, the appellants entered into a written contract with one Frank G. Wall, a general contractor, by which contract Wall agreed to erect for appellants, for the sum of $43,475, an apartment building in the city of Hammond, and to furnish all material and labor necessary to the construction thereof. The contract specifically provided that said Frank G. Wall, for and on behalf of himself and all subcontractors, laborers and materialmen, waived all rights to mechanics' liens by reason of the work, labor and material furnished, and to be furnished in the erection and construction of said apartment building. Said Wall also executed and delivered to appellants a bond guaranteeing the faithful performance of said contract and the payment for all work, labor and material used by him in said apartment building. Said written contract was duly signed and delivered, and, within five days, was filed and recorded in the recorder's office of Lake county. Said contract, however, was not acknowledged. The appellees herein, McGuire, the plaintiff, and the several cross-complainants, were subcontractors and materialmen employed by Wall, and were aware of the provision in the contract between Wall and appellants waiving all rights to mechanics' liens. Wall, as general contractor, failed to pay said subcontractors and materialmen in full for their materials furnished in the construction of said apartment building, whereupon said appellees, and also Wall, filed notices of mechanics' liens against appellants' property, all appellees being made parties to the complaint and cross-complaints to answer as to their several claims.

Appellee Joseph H. McGuire filed a complaint in one paragraph, and each of the remaining appellees filed a cross-complaint in one paragraph to foreclose his me-

chanic's lien. Appellee Frank G. Wall filed an answer in three paragraphs to the complaint and to each and every cross-complaint, said answer being a general denial, plea of payment, and claim of set-off, in which Wall set up the contract between appellants and Wall, setting forth said contract as an exhibit to his third paragraph of answer and set-off. Appellee First Trust and Savings Bank filed separate answers to the complaint and each cross-complaint, in two paragraphs, the first being a general denial, and the second setting up facts showing a mortgage executed to it by appellants for a consideration and loan of $35,000, and asserting that said mortgage was a first lien upon appellants' real estate, superior to the claims and liens of appellee Joseph H. McGuire and all of the cross-complainants.

Appellants Hutton and Hutton filed answer to the complaint and each cross-complaint, in two paragraphs; the first a general denial, and the second an affirmative paragraph in which they set up the facts showing the entering into the contract by them with appellee Wall to erect and construct said apartment building, and to deliver it to them free of all liens, making the contract and the bond exhibits to said second paragraph of answer. Appellants Hutton and Hutton also filed a cross-complaint to quiet title against all of the appellees except the First Trust and Savings Bank who held said mortgage against appellants' real estate. Appellees each filed a separate and several demurrer to appellants' second paragraph of answer to the complaint and each cross-complaint, said demurrers being on the ground that said second paragraph of answer did not state facts sufficient to constitute a defense to the complaint and cross-complaints. Each of said demurrers was sustained by the court.

The cause was tried before the court without the intervention of a jury. There was a finding in favor of the appellees who were plaintiff and cross-complainants be-

low, against appellants, foreclosing their several liens upon appellants' real estate; also a finding in favor of appellee First Trust and Savings Bank, declaring its $35,000 mortgage to be a first lien on said real estate superior to all other liens. There was a further finding against appellants Hutton and Hutton on their cross-complaint to quiet title, except as to appellee Wall, the contractor. Against said Wall, the court found that appellants were entitled to have their title to said real estate quieted, and that said Wall, by reason of his contract with appellants, was not entitled to a lien on said real estate.

Appellants' separate and several motion for a new trial was overruled; judgment was rendered on the findings and said real estate was ordered sold.

Appellants assign as error the action of the court in sustaining the separate and several demurrer to appellants' second paragraph of amended answer to the complaint and cross-complaints of the several appellees, and also the action of the court in overruling appellants' separate and several motion for a new trial.

The questions involved in this appeal require a construction of the Acts 1907 p. 295, as amended by the Acts 1921 p. 135, §9831 Burns 1926, which provides as follows: " . . . No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach . . . shall be valid against sub-contractors, mechanics, journeymen, . . . unless the contract containing such provision or stipulation shall be in writing and shall be acknowledged as provided in case of deeds, and filed and recorded in the recorder's office of the county in which such real estate, building, etc., is situated not more than five days after the date of the execution of such contract," etc.

Appellants contend that the covenant in the contract

is binding upon the appellees, although none of said appellees was a party to said contract.

In the case of *Baldwin, etc., Works* v. *Edward Hines Lumber Co.* (1919), 189 Ind. 189, 125 N. E. 400, 127 N. E. 275, the court holds that a covenant in the contract between the owner and the contractor would bind subcontractors and materialmen even though they were not parties to the contract. That case holds that where there is a provision in the contract against liens, all subcontractors and materialmen are precluded from obtaining liens, said decision being founded on the theory that while the lien does not arise out of a contract, nevertheless it does not arise where no contractual relation exists. The Baldwin case was decided in 1920, and the act of 1921, above quoted, was passed in view of that decision, modifying the Mechanic's Lien Statute with reference to waivers as against materialmen and subcontractors who were not parties to the original contract.

Appellants insist that, inasmuch as the second paragraphs of special answers alleged that appellees had actual notice of the contract, the court erred in sustaining the demurrers to said answers, and that the court also erred in overruling the motion for a new trial.

The appellees contend that the statute as now amended was enacted for the express purpose of saying just what is required on the part of the owner of real estate, and what the original contractor shall do in order to prevent subcontractors and materialmen from having the right to enforce a lien on the real estate improved; that is to say, there shall be a written contract signed, acknowledged and recorded within five days after the same is executed; that, in the case at bar, whatever knowledge appellees possessed was to the effect that they knew that there existed between appellants and Wall, the contractor, a written contract, signed and recorded, but not acknowledged as required, which was, in effect, an illegal con-

tract, of no force or effect in law, and that it could bind no one except the owner of the real estate and the original contractor.

Many authorities support appellees' contention, and hold that where a statute provides certain prerequisites to the validity of a contract, knowledge does not take the place of statutory requirements. See *Mehl & Sapper v. Carey* (1898), 21 Pa. Co. Rep. 275; *Coppage, Rec., v. Hutton* (1890), 124 Ind. 401, 24 N. E. 112, 7 L. R. A. 591; *Lewis v. Herrera* (1907), 208 U. S. 309, 28 Sup. Ct. 412, 52 L. Ed. 506; *McDowell v. Stewart* (1876), 83 Ill. 538; *Clark v. Strong* (1905), 105 App. Div. 179, 93 N. Y. Supp. 514; *Long v. Cockern* (1889), 128 Ill. 29, 21 N. E. 201; *Watson v. Thompson Lumber Co.* (1886), 49 Ark. 83, 4 S. W. 62; *Osmer v. Sheasley* (1907), 219 Pa. 390, 68 Atl. 965; *Snider v. Udell Woodenware Co.* (1896), 74 Miss. 353, 20 So. 836.

The statute under discussion is not a recording statute, but rather a statute of form requiring certain specific things to be done in order that a contract thereunder become effective.

In the case of *Mehl & Sapper v. Carey, supra,* in which case there was a failure to record the contract, and where the statute made it a condition precedent to the validity of a contract waiving liens as between the owner and third parties that the contract be recorded within a certain time, and where the owner, notwithstanding such failure on his part to record said contract, alleged that the materialmen had knowledge of the contract and its terms, the court said: "The main object and purpose of said act would seem to be to render certain the question as to whether or not the subcontractor shall have the right to file a lien in any given case. And all the certainty intended to be accomplished by the statute will end in confusion if the courts hold that said act shall not apply in any case where the subcontractor had notice

of the contents of a parol or unrecorded contract. There is nothing in the law more unsatisfactory than the setting aside of records by the parol evidence of witnesses as to alleged conversations, and the condition of every mechanic's lien will be precarious if its validity is made to depend upon parol evidence as to alleged notices. All this is avoided by adherence to the plain language of the act, and such a construction is always safe; *City of Pittsburgh* v. *Kalchthaler*, 114 Pa. 547. In the case of *Seward* v. *Mathers*, 8 Kulp 330, it is held: 'It is no defence against a mechanic's lien for material that the owner notified the materialman that neither the owner nor the house would be responsible, and that the materialman must look to the contractor alone.' Neither do I think that the subcontractor can be deprived of the benefit of the statute by reason of notice to him of the provisions of an unrecorded contract, which contract as to him is made void by the plain provisions of the statute."

In the case of *Parrott* v. *Kumpf* (1882), 102 Ill. 423, at page 427, the court said: "It is within legislative power to enact, as to future contracts, that the same shall not be binding or effective in any way without a seal, or without acknowledgment of a specific kind, or without being recorded. . . . Such statutes do not impair the obligations of a contract. They simply prescribe what shall be essential to constitute a valid contract. No constitutional provisions forbid such enactments."

We find no reversible error, and the judgment is affirmed.

McMahan, J., not participating.