## DAVID M. FORD

### *v.*

## THE DAVID M. FORD MANUFACTURING CO.

1. PRACTICE IN SUPREME COURT—*items of account not considered in respect to finding below.* Where the facts have been considered and weighed by the court below, this court will not take up each item of account in dispute, and endeavor to rectify every supposed error attributed to the court in its finding, when no question of law is involved.

2. CONTRACT—*sale of choses in action for stock.* Where a party, being financially embarrassed, turned over all his effects in a certain business to a company formed of his creditors, in payment of his debts, and was to have stock in the company for any surplus, and among the effects were certain *choses in action* which proved worthless, and which were returned to him and accepted without objection, it was *held,* that he was not entitled to pay for the face of such *choses in action.*

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellant.

Messrs. GOOKINS & ROBERTS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, exhibited in the Superior Court of Cook county, by David M. Ford against the David M. Ford Manufacturing Company, otherwise called "The Chicago Water and Gas Pipe Company," to enforce a vendor's lien for a portion of the purchase money against so much of the property complainant had sold and delivered to the defendants as was

real estate, complainant claiming there was due him therefor about the sum of forty thousand dollars.

The bill is quite voluminous, giving a history of the transaction, by which it would appear that complainant was engaged in the city of Chicago in the manufacture of water and gas pipes, and other like articles, in August, 1871; that he became embarrassed in his operations, having incurred debts and liabilities amounting to near three hundred thousand dollars, when his creditors, on the representation by complainant to them, or the greater part of them, of his difficulties, some few days prior to August 22, 1871, came to an agreement with complainant to form a new company, to be organized on the basis of three hundred and twenty thousand dollars, being the supposed value of the assets of complainant employed in his business, and they would take stock in such company to the amount of their claims. The company was organized under the name of The David M. Ford Manufacturing Company. The true amount of the claims of the creditors was two hundred and eighty thousand five hundred and twenty-three dollars and eighty-four cents, and that of the assets was estimated at three hundred and twenty-one thousand seven hundred and sixty-seven dollars and sixty-six cents. The appraisers made an inventory of the assets after the company was organized, including therein all *choses in action*, good, bad and indifferent, also a bonus on the lease, the buildings being upon leased ground, and a demand against the city of Chicago for a balance on a contract made with the Board of Public Works for water pipe, amounting to eleven thousand eight hundred and sixteen dollars and twelve cents. The difference between the assets and debts due by complainant amounted to forty-one thousand two hundred and forty-three dollars and eighty-two cents, which complainant was to receive in stock of the newly formed company, of which twenty-six thousand dollars was issued to complainant.

The defendant company answered the bill at length and in detail, and filed a cross-bill, which was answered by complainant, and a mass of testimony taken, and after a patient

hearing and close scrutiny of the court trying the cause, the bill was dismissed at the costs of complainant.

To reverse this decree this appeal is taken, and not a single question of law presented for consideration. The whole stress of the argument of appellant is on the facts. The facts have been considered and weighed by the court below; they have undergone close scrutiny, and it can not be expected that an appellate court will take up each item of account in dispute, and endeavor to rectify every supposed error attributed to the court in its finding. This we can not do. We can only consider the main grounds of complaint on this appeal, and unless we can see some substantial error in the finding, we will not disturb the decree.

The principal point in controversy, it seems to us, is as to the *choses in action*, which, it is contended by appellant, were assigned to appellees as assets.

It will be perceived that some of these *choses* were not assignable at law, and, indeed, that none of them were, in fact, assigned by appellant to appellees. These *choses* amounted, nominally, to thirty-one thousand and eighty-one dollars and seventy-three cents, including everything, as well the bonus on the leasehold as the claim against the city. We infer, from the testimony, that these assets were soon discovered to be worthless, and it was agreed between the parties that appellees should have ninety days within which to collect such as might be collectable, and such as could not be collected should be returned to appellant, and he debited with them. This would reduce appellant's claim of forty thousand dollars in stock to about eight thousand nine hundred and eighteen dollars.

These *choses* were returned to appellant without objection on his part, nor does it appear he had any ground for objection, as they were never assigned to the company, but delivered merely, as above stated. The only interest they could have had in them was an equitable one, of which they were relieved on the return of the same to appellant.

To show these *choses* were no part of the agreement, it is only necessary to refer to the proposition made by appellant to

appellees, dated Chicago, September 9, 1871, in which these items will not be found. Appellant never proposed to assign those things, but if they were passed over to the company they proved to be worthless, and were received back by appellant. We think there was no error in deducting this amount from the balance supposed to be due appellant.

And so as to the bonus upon the leasehold. This was not a just claim by appellant, for the evidence is conclusive, the presenting of it as a claim was a mere experiment, to be allowed or not by the company, as they might choose, and which they did not allow.

It appears appellant has received from the company twenty-six thousand dollars in stock, greatly more than he is entitled to under the evidence. His bill is not sustained by the testimony in the cause, and the court decided correctly in dismissing it at his costs, and we affirm the decree.

*Decree affirmed.*