NICHOLS, SHEPARD & CO.

*v.*

JOSEPH SPREMONT, Jr.

*Filed at Ottawa November 17, 1884.*

1. HOMESTEAD—*sale on execution—setting off the homestead.* Where premises are subject to the right of homestead they can not be sold under an execution, so as to confer upon the purchaser a title which will be availing in a court of law, unless the sheriff or other officer holding the execution first sets off the homestead, as required by the statute.

2. SAME—*judgment lien thereon—rights of purchaser from householder.* Judgments against a householder and head of a family residing upon premises as a homestead, to the extent of the homestead therein, are no lien, either at law or in equity; and this homestead interest will pass by the deed of the

householder, properly releasing the same, unaffected by such judgments. A sale of the whole estate in the premises, on execution, after such conveyance, will pass no title, at law, to the purchaser.

3. Purchaser—*subject to incumbrance—liability to pay.* A conveyance of land to a purchaser subject to certain enumerated incumbrances, imposes no obligation on him to pay them.

Writ of Error to the Circuit Court of Kankakee county; the Hon. Owen T. Reeves, Judge, presiding.

Mr. Thomas P. Bonfield, for the plaintiffs in error.

Mr. Stephen R. Moore, for the defendant in error.

Mr. Justice Mulkey delivered the opinion of the Court:

This is a writ of error to review a judgment of the circuit court of Kankakee county, rendered in an action of ejectment wherein Nichols, Shepard & Co. were plaintiffs, and Joseph Spremont, Jr., was defendant. The defendant was successful in the court below, and the plaintiffs bring the case here for review.

There is no controversy about the facts, and we perceive no difficulty in the legal questions involved. Both parties claim the land in dispute through a common source of title,— namely, Narcisse Thyfault,—against whom plaintiffs, in the month of April, 1877, recovered a judgment in the Kankakee circuit court, for the sum of $101.75, and costs. At the date of this judgment the defendant was the owner in fee of the land in controversy, and occupied the same as a homestead, the premises being of the value of about $2000. On the 24th of April, and while this judgment was in full force and effect, Thyfault, for a valuable consideration, conveyed the premises, with release of homestead, to Charles Chinquy, the landlord of the defendant. Chinquy's deed sets forth that it is made "subject to a trust deed to Daniel Pearson, dated July 15, 1877, for $2000; also, subject to five different judg-

ments, amounting to the sum of $700.93, now bearing interest, as lien in the recorder's office of said county and State." It is evident the aggregate amount of the judgments referred to in this recital was, by inadvertence, omitted, as it otherwise appears plaintiffs' judgment was among those referred to. The premises in question were sold by the sheriff of the county under an *alias* execution issued on plaintiffs' judgment, bearing date May 14, 1879, without setting off or in any manner assigning the homestead.

The rule is well settled in this State, where premises are subject to the right of homestead they can not be sold under an execution, so as to confer upon the purchaser a title which will be available in a court of law, as is the case here, unless the sheriff or other officer holding the execution first sets off the homestead, as required by the statute. *Hubbell* v. *Canady*, 58 Ill. 425.

It is supposed, however, the fact that the conveyance from Thyfault to Chinquy was made subject to plaintiffs' judgment, would require a change of the rule in this respect. We fail to perceive the force of this suggestion. The conveyance of the premises subject to that and other incumbrances, did not impose the slightest obligation on Chinquy to pay them, or either of them. He was left entirely free to pay or not pay them, just as in his judgment his interest required. To the extent of the homestead in these premises none of these judgments were a lien, either at law or in equity, and consequently this interest, by reason of the homestead having been waived in Thyfault's deed to Chinquy, passed to the latter unaffected by these judgments, and it was therefore the duty of the sheriff to have set it off to him before making the sale, and not having done so, the sheriff's deed conferred no title which a court of law will recognize, whatever his rights may be in a court of equity.

The judgment will be affirmed.

*Judgment affirmed.*