JOHN W. SCOTT *et al.*

*v.*

JOHN MAGLOUGHLIN *et al.*

*Filed at Ottawa May 14, 1890.*

1. ASSIGNMENT—*in equity—subject to defenses.* The assignee of a note or negotiable paper, before maturity, without notice, will, under the statute, be protected against a want of consideration or an illegal consideration; yet if he goes into a court of equity to foreclose a mortgage or deed of trust given to secure such note, he will hold it subject to the legal and equitable defenses to which it was liable before it came to his hands.

2. CHANCERY—*general principles.* A court of equity, when its power is invoked, will not deprive a party, unless controlled by some inflexible rule of law, of such defenses, either legal or equitable, as are intrinsically just in themselves, or permit the complainant to recover contrary to the principles of equity. It will deny relief if there are any equitable reasons why its aid should be withheld, or if, in equity and good conscience, the relief should not be granted.

3. FRAUDULENT CONVEYANCE — *to defeat wife's claim for alimony.* Where a note and trust deed are executed for the purpose of covering up the equitable interest of another in the property, and thereby defeat his wife's bill for alimony, a court of equity will refuse to decree a foreclosure of the trust deed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. C. C. MARCH, for the appellants:

A defendant can not avail himself of any matter of defense which is not stated in his answer, even though shown in evidence. *Johnson* v. *Johnson,* 114 Ill. 611; *Insurance Co.* v. *Myer,* 93 id. 271; *Westlake* v. *Horton,* 85 id. 228; *Knowles* v. *Knowles,* 86 id. 1.

A purchaser without notice takes free from all defenses. *Silverman* v. *Bullock,* 98 Ill. 11; *Miller* v. *Larned,* 103 id. 562; *Choteau* v. *Jones,* 11 id. 300; *Peck* v. *Arehart,* 95 id. 113.

34      Scott *et al.* v. Magloughlin *et al.*

Brief for the Appellees.    Opinion of the Court.

Mr. David L. Zook, and Mr. William C. Wilson, for the appellees:

The note secured by the trust deed either was given without any consideration or has been satisfied. The complainants. have gone into equity to enforce their rights, and even though they may have taken the note in suit before maturity, in good faith, for a valuable consideration, yet, invoking the aid of equity, they hold the note and deed subject to all the infirmities thereof and equities existing between the original parties. to the transaction. *Sumner* v. *Waugh,* 56 Ill. 538; *Medley* v. *Elliott,* 62 id. 532; *Olds* v. *Cummings,* 31 id. 188; *White* v. *Sutherland,* 64 id. 181.

Mr. Chief Justice Shope delivered the opinion of the Court :

A bill in equity was filed by appellants to foreclose a trust deed dated February 2, 1885, executed by John Magloughlin and wife to John W. Scott, as trustee, to secure the payment of a promissory note of the same date, for $1000, payable in one year, and made by said John Magloughlin payable to his. order, and indorsed by him in blank. The note is claimed by appellants to have been executed for an indebtedness due and owing from Magloughlin to Robert Blair, and to have been delivered to said Robert or to William T. Blair. The blank indorsement had, at the hearing, been filled up by writing over the name of Magloughlin the words, "pay to order of Albert B. Clark." The defendants answered, and upon the hearing the bill was dismissed, and this decree was affirmed by the Appellate Court.

Appellant Scott is a mere trustee, having no beneficial interest in the subject matter of litigation, and filed the bill at the request and for the sole "use and benefit of the said Albert B. Clark." The defenses set up were, in substance, that there was no consideration for the note, and that the note and trust deed were executed at the suggestion and instance of William

T. Blair, to cover up the equitable title of Robert Blair in the premises thereby conveyed, for the purpose of defeating the claim for alimony of the wife of said Robert, in a pending proceeding for divorce against him. Some criticism is made of the answers, and it is contended that these defenses are not properly made therein, but we are of the opinion, that, although perhaps inartistically drawn, the allegations are abundantly sufficient to present such defenses.

Appellants come into a court of equity and ask that the equitable rights of Clark be enforced by a foreclosure of the trust deed. In that proceeding the note is a mere incident to the relief sought, while the trust deed is the foundation of the right to relief in equity. The uniform holding in this State is, that a mortgage is a mere chose in action, and when the powers of a court of equity are called into activity to enforce it, relief will be denied if there are equitable reasons why its power should be withheld, or if, in equity and good conscience, the relief asked should not be granted. It may be conceded that if Clark was an assignee for value before maturity of the note, (which he was not,) he would, under the statute respecting negotiable instruments, be protected against these defenses in a suit upon the note; yet, the trust deed not being negotiable, the right resting in him would be an equitable right only, and he would take it subject to the legal and equitable defenses to which it was liable before it came to his hands. There are some exceptions to the rule, perhaps; but upon examination it will be found that the right of Clark falls within none of them. A court of equity, when its power is invoked, will not deprive a party, unless controlled by some inflexible rule of law, of such defenses, either legal or equitable, as are intrinsically just in themselves, or permit the complainant to recover contrary to the principles of equity. *Olds* v. *Cummings et al.* 31 Ill. 188; *Sumner et al.* v. *Waugh et al.* 56 id. 538; *Walker* v. *Dement,* 42 id. 280; *Thompson* v. *Shoemaker,* 68 id. 256; *Bryant* v. *Vix,* 83 id. 14.

The evidence satisfies us, as it has the trial and Appellate courts, that there was no valid or valuable consideration for the making of this $1000 note and trust deed. No good purpose can be subserved by a discussion of the evidence, or by dwelling on the duties of the attorney of Robert Blair, in whose hands these instruments were placed, growing out of his relation to his client. A preponderance of the evidence shows that the note and trust deed were executed and placed in the hands of such attorney, at his suggestion, for the purpose of covering up the equitable interest of Robert Blair in the property conveyed by said trust deed, and thereby preventing his wife from making the alimony claimed by her in her divorce proceeding then pending against said Robert Blair. The trust deed having been made with this fraudulent design, will not be enforced in a court of equity, especially so in the hands of a purchaser of the note after maturity. *Miller* v. *Marckle,* 21 Ill. 152; *Tyler* v. *Tyler,* 126 id. 525.

If this note and trust deed, however, were executed and delivered as collateral security for the $200 note of the same date, and payable in three months, given by Robert Blair to William P. Blair, and it could be found that any portion of the latter note remained equitably due and unpaid, appellant Clark under the allegations of his bill, and the proof, would be entitled to no relief. It is neither alleged nor proved that he has any interest whatever in the judgment rendered on the $200 note, or that he paid any consideration whatever for the $1000 note and trust deed. Again, without going into the evidence and detail, we are not satisfied that Clark was a purchaser in good faith, or for value. The view first taken being conclusive against his right to foreclose the trust deed, we deem it unnecessary to enter upon the further discussion of the questions presented.

The decree of the Superior Court was correct, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*