## WILLIAM A. LORIMER AND THOMAS KIDDOO

v.

## TOM A. MARSHALL ET AL.

*Mortgages — Foreclosure—Judicial Sale— Proceeds of—Priority of Claimants—Homestead—Sale of, Free from Judgment Lien.*

1. Judgment liens do not attach to a homestead, but only to the surplus, if there be any.

2. Under the present statute of this State a homestead right is an estate capable of being conveyed by the owner separately from the fee.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. J. H. CONNELL and J. M. WILSON, for appellants.

Mr. JOHN C. PEPPER, for T. A. Marshall, appellee.

Mr. GUY C. SCOTT, *pro se.*

LACEY, P. J.    The controversy in this case arises over the question as to who is entitled to priority to the proceeds of a judicial sale under a foreclosure of a mortgage in favor of Tom A. Marshall, appellee, against Calvin S. Hollingsworth, the mortgagor of the real estate in question.    Was it the appellee Guy C. Scott, or appellants?    The former claimed the surplus as the purchaser of the fee and homestead estate of the lots in question of Hollingsworth, which conveyance contained a clause conveying the homestead of Hollingsworth.    The latter claims priority of payment of the surplus on the ground of being the assignee of one Jack, of a judgment obtained against the mortgagor by said Jack and the appellant William A. Lorimer, and in addition claims priority of payment of another judgment obtained by him against said mortgagor.    These several judgments were obtained after Hollingsworth acquired a homestead in the premises, if he acquired one, and long prior to the conveyance of the real estate by Hollingsworth to appellee Scott.    The facts of the case are admitted by a stipulation of the parties and are easily understood.    The court below rendered a decree giving the appellee Scott, priority to the extent of $1,000, the value of the homestead, and holding as to that amount the appellant's judgments were inferior and must be postponed.    This is the question for determination here.    It is questioned by the appellants whether the property in question was really the homestead of Hollingsworth at the time the judgments in question were rendered and the conveyance to Scott, the appellee, was made.    We think there is no foundation for such claim.

The stipulation shows that "Hollingsworth was a married man, a householder, and the head of a family, residing with the same; that in December, 1887, he went into possession of the mortgaged property with his family; that there was a dwelling house on the premises; that Hollingsworth, with his family, resided in the same as his home from that time until he moved out of it, about April 15, 1891, after he sold the same to Scott."

We think that under the statute these facts would be sufficient to establish a homestead in Hollingsworth; nor would the statement in the stipulation, that Hollingsworth represented to appellants at the time he purchased the property, that "he was the owner of real estate in Bloomington, Ill., consisting of a dwelling house and certain lots there recently occupied by him and family as a homestead, which was for sale," etc., etc., militate against the appellee's right of homestead in the lots in question.

There was no stipulation that Hollingsworth was claiming to still hold his homestead in Bloomington, or that he continued to claim his homestead there, or refused to claim it on the lots in question. We think the stipulation establishes the fact of his homestead in the lots in question sold under the foreclosure of appellee Marshall, under a mortgage waiving the right of homestead. Equally unfounded is appellant's insistence that one of their judgments was for purchase money.

The stipulation shows that the note upon which the judgment was rendered was given for borrowed money of Jack, on which note appellants were surety, which money was used by Hollingsworth to pay off another note for borrowed money given to another man by Hollingsworth, which first borrowed money was used to pay in part the purchase price of the lots. This would not make this purchase money, in any view of the law ever taken by the Supreme Court. The notes were given for borrowed money, and the judgments rendered thereon were judgments for borrowed money, and it would not matter if the borrower applied it on the purchase price of the land, which, however, was not done in this instance.

Eyster v. Hatheway, 50 Ill. 521; Parrott v. Kumpf, 102 Ill. 423. The common judgment debtor and mortgagor being possessed of an estate of homestead under the statute, could sell and dispose of it to whomsoever he pleased, free from any judgment liens against him or the homestead. Judgment liens do not attach to the homestead, only to the surplus. Under the amendment of the statute in 1887, Sec. 4, it was provided: " That in all cases when such release (of homestead), waiver or conveyance shall be taken by way of mortgage or security, the same shall only be operative as to such specific release, waiver or conveyance." Sess. Laws 1887, page 178. And this was held to be the law by this court before the passage of the above amendment. Under our present statute a homestead right is an estate capable of being conveyed by the owner separately from the fee, and such a conveyance will be upheld. But this conveyance to appellee Scott was a complete one in fee, subject only to the mortgages, and in which the homestead was waived. The judgments as to the value of the homestead of $1,000 not being a lien thereon, could not be interposed to defeat the homestead. The appellants' judgments would only attach to the surplus. The fact that Hollingsworth only received $500 for his homestead right could not alter the case. The homestead estate was free from the judgments, and the grantor was a free agent and could sell his estate for what he deemed it worth to him. The loss would fall on him and not on appellants. We find no fault with the form of the decree. It appears that it is in accordance with a proved precedent. A decree on the foreclosure of a mortgage requiring the sum found due to be paid by a subsequent purchaser named, and if not, that the mortgage premises be sold, is not a personal decree, but is in effect an alternative one, and is not erroneous. Glover v. Benjamin, 73 Ill. 42.

We see no error in the decree of the court below, and therefore it is affirmed.

*Decree affirmed.*