## George A. Whitcomb v. Alice A. Duell and Laura A. Baldwin.

1. QUESTIONS OF FACT—*Findings of a Master.*—The findings of a master in matters referred to him, is as conclusive upon the parties as the verdict of a jury in a civil case, and will be reviewed only for the same reasons that a verdict will be.

**Memorandum.**—Foreclosure proceedings. Appeal from the Circuit

Whitcomb v. Duell.

Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded with directions. Opinion filed April 30, 1894.

The opinion states the case.

ANDREWS, MILLER & GETTYS, attorneys for appellant.

MATZ & FISHER, attorneys for appellee Alice A. Duell.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a bill filed by the appellant to foreclose a mortgage made by Duell to O. F. Woodruff to secure her note to him, which note Woodruff assigned to the appellant. The defense was that the note was given without consideration, which, if true, is conceded to be a good defense to this foreclosure suit. Mullanphy v. Schott, 135 Ill. 655; Scott v. Magloughlin, 133 Ill. 33.

On a reference to a master he found that the note was given for a consideration. The court sustained exceptions to the report and dismissed the bill. The case is presented to us exactly as it was to the Circuit Court. The judge there did not see the witnesses—did not hear them testify—so that there is no presumption in favor of the decision there, based upon better opportunity of judging of credibility.

That Woodruff had been the attorney of Duell in a great deal of litigation is proved without denial; that he had been paid for his services, except in one suit, is not pretended; that his services in other cases were very considerable is proved; that she wanted further services which he declined to render without a settlement, both she and he testify; and that as a result this note was executed, is also proved by both of them. Under all the evidence shown by the record the terms and amount of the note were not ungenerous toward her. On all disputed questions of fact " where there is evidence tending to establish the facts found, neither the court of chancery, nor the Supreme Court on appeal, will review the findings in regard to the weight to be given to the testimony." " The finding of a master in matters re-

ferred to him, in regard to the facts established by the testimony, is as conclusive upon the parties as the verdict of a jury in a civil cause, and will be reviewed or set aside only for the same reasons that a verdict would be." Howard v. Scott, 50 Vt. 48.

This rule was not observed in this case and the decree is reversed, and the cause remanded with directions to vacate the order sustaining the exceptions to the master's report, and overrule them, and enter a decree in accordance with the report.