## Wm. C. Green  v.  John W. Hedenberg.

1.  QUESTIONS OF FACT—*Findings of a Master.*—The report of a master in chancery upon questions of fact, where the finding depends upon the credibility of witnesses, should not, ordinarily, be set aside.

**Memorandum.**—In chancery.  Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.  Heard in this court at the October term, 1894, and affirmed.  Opinion filed December 6, 1894.

FRENCH, TELLER & BROWN, attorneys for appellant.

EDGAR B. TOLMAN, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
On the 13th day of April, 1893, the appellee owned the majority of the stock of the Nutling Electric Manufacturing Company, and sold it nominally to persons not parties to this appeal for $40,200; $15,200 in cash, and $25,000 in notes secured by a pledge of 776 of the 1,000 shares of stock of the corporation.

The appellant insists that the sale was to the corporation itself, and not to individuals; but on that point we regard the evidence as conclusive in favor of the appellee, and it would be useless to recite it.  To pay the $15,200 cash, money belonging to the corporation was used.  The check by which it was drawn from the bank, was countersigned by the appellant as president of the corporation, and the mode in which it was used, was to pay a note, made by the appellant and another, on which the money had been obtained to pay the appellee.  If, therefore, there was any wrong in such use, the appellant is responsible.

The appellee filed this bill to compel the restoration of that amount of money to the treasury of the corporation on the ground that by its withdrawal the value of the stock pledged to him, and therefore his security, is impaired.

It may be fairly assumed upon the evidence in this record that the stock, without that $15,200, has hardly any value.

In the bill, as originally filed, was another controversy as to an issue of bonds, after the sale by the appellee; but that was wholly independent of the matters now in issue, and the parties interested in those bonds were dismissed. The appellant has properly omitted from his abstract all the evidence as to those bonds. The case must now be regarded as involving only the misapplication of the $15,200.

Whether there was such misapplication, of which appellee can complain, depends upon whether he did not or did, consent thereto. Upon that question, the affirmative was upon the appellant.

To excuse his act he must, by a preponderance of the evidence, show the assent of the appellee to it. We agree with the Circuit Court that the appellant has failed. The strong point in his favor is that the master, hearing the witnesses, found for him, and if the question were upon the credibility of witnesses, the report of the master should not be set aside. Whitcomb v. Duell, 54 Ill. App. 650; citing Howard v. Scott, 50 Vt. 48.

It is not upon the credibility of the witnesses that the report was properly set aside; but upon the vague, indefinite and uncertain character of the testimony of those for the appellant. It would do no good to repeat the testimony upon a mere question of fact, and the decree in favor of the appellee is affirmed.