WILLIAM S. WILLIAMS

*v.*

ROBERT LINDBLOM *et al.*

*Filed at Ottawa November 9, 1896.*

1. APPEALS AND ERRORS—*opinion of Appellate Court not considered to determine its action.* The question whether the Appellate Court refused to consider the cause upon its merits because of the insufficiency of exceptions to the master's report, cannot be considered by the Supreme Court, where such action does not appear from the record, although it is shown by the opinion of the Appellate Court.

2. SAME—*question of res judicata cannot be first raised on appeal.* The question whether a judgment in another State was *res judicata* of the questions between the parties cannot be first raised on appeal.

3. SAME—*when findings of master will be sustained on appeal.* Findings of a master upon an accounting, sustained by the trial court on conflicting evidence, will not be disturbed on appeal, but are conclusive unless clear mistake or fraud is shown.

*Williams* v. *Lindblom*, 60 Ill. App. 465, affirmed.

WRIT OF ERROR. to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This cause originated in the Superior Court of Cook county upon a bill by plaintiff in error, against defendants in error and Nelson Van Kirk and N. G. Miller, to settle a partnership alleged to have theretofore existed between the parties and dissolved by mutual consent. The bill prays for the appointment of a receiver and that an account between the partners be stated. It makes no attempt to state the condition of the firm business or the state of the indebtedness existing between the partners. Answers were filed by the defendants, which, in effect, admit the allegations of the bill as to the existence and dissolution of the firm and concur in asking for the appointment of a receiver and a statement of the account. They, like the bill, make no attempt to state the rights

of the parties. Replications being filed to these answers, the cause was referred to a master to take the proofs and make a statement of account between the partners and report the same to the court. The master subsequently, in obedience to this order, made his report, finding that there was due Robert Lindblom from Miller and Williams jointly, the sum of $12,410.49, and due Nelson Van Kirk $4180.99, and that there was due Williams from Miller the sum of $17,909.10. The parties being notified of the completion of this report, Williams appeared before the master and filed objections thereto, which, being over-ruled, were also presented to the court as exceptions and there overruled by the chancellor and a decree entered accordingly. Plaintiff in error prosecuted his appeal to the Appellate Court for the First District, where the decree of the Superior Court was affirmed, and from that judgment this writ of error is prosecuted.

ALBERT C. BARNES, for plaintiff in error.

WILLIAM LAW, Jr., and WILLIAM M. JOHNSON, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted that the Appellate Court refused to consider the cause upon its merits because of the insufficiency, as it held, of the exceptions to the master's report. The record proper of that court does not sustain the contention. While it does appear from the opinion that the merits of the cause were not gone into there, we are not at liberty to so treat the cause, it having been frequently held by this court that the opinion of the Appellate Court is no proper part of its record; and so we must say, as we said in the late case of *Minchrod* v. *Ullmann*, (*ante*, p. 25,) where a like contention was made: "The record does not sustain the statement of counsel, but the judgment of the Appellate Court shows that the matters assigned for error were duly considered." It is certainly true that the

objections to the master's report, afterwards filed as exceptions thereto, of themselves afford little or no assistance to the court in determining whether or not the master's conclusions upon the facts were justifiable. This difficulty is but partially, if at all, removed by the printed argument of counsel filed, pointing out the evidence upon which the exception is based. In fact, the argument is not confined to the specific objections filed, but is a general discussion of several objections to the report under different headings, and it is only by looking through the numerous exceptions that we can determine whether or not the argument is based upon any particular exception. The embarrassment attending the consideration of the cause by the manner in which it is presented cannot be exaggerated. The master states in his report that the evidence taken before him consists of more than one thousand pages in typewriting; that the argument of counsel before him on the objections filed consumed some three weeks, and it appears that several days were occupied in the argument before the chancellor on the exceptions. The thirty exceptions are directed against no specific and definite finding of the master, and are, as the Appellate Court in substance say, no more than that the master came to a wrong conclusion upon all questions upon which he reported. This difficulty results largely from the fact that the parties were not required to file with the master written statements of their respective claims, so that the matters in dispute might have been definitely stated and the evidence directed to those matters alone and the master's report confined to such matters. (*Patterson* v. *Johnson*, 113 Ill. 559,—citing *Remsen* v. *Remsen*, 2 Johns. Ch. 501, and 2 Daniell's Ch. Pr. sec. 1222.) Had that proper practice been adopted very much of the difficulty here encountered might have been avoided. Plaintiff in error, however, is as much responsible for that improper practice as any one else, and while unnecessary labor is thus cast upon the court and the practice one

which cannot be approved, in view of the points of controversy as presented we deem it best for all parties to dispose of the questions raised, rather than to send the case back to the court for the correction of those irregularities in mere matters of practice.

It is first contended that the questions adjudicated in this court are *res judicata* between the parties by reason of an action in the State of New York brought by plaintiff in error against Lindblom and others, involving the settlement of this same partnership. It is sufficient to say in answer to this point, that the evidence relied upon as establishing this contention was not presented to the master nor did he pass upon it, and hence there was no objection before him on that question and no exception on that ground made to his report. The chancellor, therefore, made no decision whatever upon it, and the attempt is to present the question for the first time here. Clearly that cannot be done.

By the terms of the agreement to form the partnership Lindblom and Van Kirk were to put into the capital of the firm $150,000. It was contended before the master by plaintiff in error that they had failed to perform their part of that contract, and were chargeable with interest upon a deficit, amounting to several thousand dollars. In answer to this contention it was insisted that they had paid into the firm assets the full sum of $150,000 by turning over to it funds of a partnership to which the present one is successor, to which plaintiff in error consented. This consent he denied, but the master, upon consideration of the evidence, found the fact against him, and we think that finding was fully warranted by the proofs. On certain correspondence in relation thereto Lindblom telegraphed plaintiff in error, referring to a balance sheet which showed the assets of the old firm transferred to the new: "We guarantee the balance sheet we sent you, and anything bad on it is ours,—not yours." Plaintiff in error, upon this guaranty,

insisted that a large amount of those assets proved worthless, and that the amounts thereof should have been deducted from the $150,000, which the master failed to do. The master did state the account on the basis that all worthless accounts so turned over should be charged to Lindblom and Van Kirk. In his report, speaking of these accounts, he says: "These worthless accounts, which were never paid, amount to the sum of $36,917.94. They were afterwards mostly charged to Lindblom and Van Kirk, and such of them as were by error charged to profit and loss of the new firm I have in this accounting credited back to profit and loss, and charged, through the account of Van Kirk and Lindblom, to the individual accounts of Lindblom and Van Kirk."

The objection that the amount thus deducted from the $150,000 did not include all the worthless accounts turned over is not sustained by the proofs. As to this and other objections to the allowance of items in favor of Lindblom, and the refusal to charge him with certain alleged liabilities, it need only be said the evidence, at most, is conflicting. As we said in *Lehman* v. *Rothbarth,* 159 Ill. 270, speaking of an account stated by a master in chancery (p. 279): "It is well settled that this court will not disturb the finding of the court below, in a case of this kind, merely because it might, as an original proposition, have found the facts as to one or more of the items in the account differently." And as said in *Ford* v. *Ford Manf. Co.* 73 Ill. 48, quoted in the above case: "The facts have been considered and weighed by the court below. They have undergone close scrutiny, and it can not be expected that an appellate court will take up each item of account in dispute and endeavor to rectify every supposed error attributed to the court in its finding." To hold otherwise would require this court to re-state every account to which objection was made, on the ground that it was contrary to the evidence. As a rule it may be stated that the findings of fact by a mas-

ter (in stating an account) are conclusive, unless a clear mistake or fraud is shown. 14 Am. & Eng. Ency. of Law, 940, and cases cited in note 3.

We have endeavored to examine the several questions raised in the argument only to the extent of ascertaining that they involve controversies of fact and that the master has committed no mistake or fraud in consideration thereof. In fact, so far as we are able to see, his findings are each fully justified by the preponderance of the testimony. Our conclusion therefore is that the Superior Court committed no error in affirming his report, and the judgment below will be affirmed.    *Judgment affirmed.*