## Apolena Hudek v. Margaret Ennesser et al.

1. MASTER'S REPORT—*Conclusive.*—As a rule it may be stated that the findings of fact by a master are conclusive, unless a clear mistake, or fraud, is shown.

**Bill,** to foreclose trust deed. Error to the Circuit Court for the County of Cook; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 30, 1896.

ALLEN & BLAKE, attorneys for plaintiff in error.

FRANCIS T. COLBY, attorney for defendant in error Margaret Ennesser.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The firm of Hallman & Ennesser were furniture manufacturers, and had a plant valued at about $30,000.

They owed a good deal of money, and needed more. Among their indebtedness was $9,000 to Margaret Ennesser, one of the defendants in error, who is the mother of Anton J. Ennesser, the Ennesser of the firm. He was intrusted by his mother with the conduct of all her pecuniary affairs.

Clemens F. Hallman, the other member of the firm, applied to the plaintiff in error, who is a cousin of his wife, for money, and she lent the firm $3,100. To secure the payment of both sums, separate trust deeds in the nature of mortgages were executed and recorded, but the one for the benefit of Mrs. Ennesser has priority on record.

The plaintiff in error alleges that such priority is a fraud upon her, and in violation of an agreement by the firm and Mrs. Ennesser, that if she, the plaintiff in error, would lend her money, she should have a second mortgage upon the plant; there being a first mortgage to a building and loan association, about which there is no question in the case. The case was referred to a master to take proof and report the same, with his opinion on the law and the evidence.

He reported in favor of the plaintiff in error, giving her priority over Mrs. Ennesser, upon evidence which, if it were an original question, we should say justified his conclusion. We need not recapitulate it for the purposes of this opinion. On exceptions by Mrs. Ennesser, the court sustained them, and entered a decree giving her priority.

The reason why it is unnecessary to recapitulate the evidence, is that the doctrine often repeated by this court—Whitcomb v. Duell, 54 Ill. App. 650; Green v. Hedenberg, 55 Ill. App. 425; Foster v. Swaback, 58 Ill. App. 581; Friedman v. Schoengen, 59 Ill. App. 376; Jamieson v. Wallace, 60 Ill. App. 618—has, in Williams v. Lindblom (opinion filed November 9, 1896), been approved by the Supreme Court in these words:

" As a rule it may be stated that the findings of fact by a master (in stating an account) are conclusive, unless a clear mistake, or fraud, are shown," citing " Am. & Eng. Ency., Vol. 14, page 940, and cases cited in note 3."

Though the Supreme Court parenthetically qualify the proposition with the words, "in stating an account," yet the text they cite, and the cases referred to, are without such qualification; as are our own decisions.

Williams v. Lindblom involved an account, which accounts for the parenthesis.

The court should have abided by the master's report, and the decree is reversed and the cause remanded, with directions to enter a decree in conformity with that report.