# Bartholomae & Roesing Brewing & Malting Company, and F. S. Winston, Trustee, v. William Schroeder, Sr., and William Schroeder, Jr.

1. MASTERS IN CHANCERY—*When Finding by, is Conclusive.*—When witnesses testify in the presence and hearing of a master on all disputed questions of fact, where there is testimony so taken tending to establish the facts found, the finding of the master in such case as to the matters referred to him, in regard to the facts established by the testimony, is as conclusive as the verdict of a jury in a civil cause, and will be reviewed or set aside only for the same reasons that a verdict will be.

2. HOMESTEAD—*What May be Included in.*—The fact that there are two dwellings upon a single lot, only one of which is actually occupied by the owner, does not restrict the homestead interest of such owner to the house in which he lives.

3. SAME—*May be Sold or Mortgaged.*—The owner of a homestead may sell or mortgage such estate, free from the lien of any judgment upon the premises, and the grantee in such a case takes the homestead estate which the grantor owned. Such sale is not an abandonment, but a conveyance of an estate in and to the premises.

**Bill,** to foreclose mortgage. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded, with directions. Opinion filed January 7, 1897.

## STATEMENT OF THE CASE.

On the 28th of December, A. D. 1894, Frederick Remus and Wilhelmina Remus, his wife, being indebted to the Bartholomae & Roesing Brewing and Malting Company in the sum of $1,000, executed their promissory note for that amount, payable to the order of themselves, one year after date, with interest at six per cent per annum, payable semi-annually, and at seven per cent per annum after maturity, and indorsed and delivered the same to the Brewing Company. To secure said note they also, on the same date, executed their certain trust deed to Frederick S. Winston, trustee, in and by which said trust deed they conveyed to him as trustee, certain property in Cook county known as lot 69 in block 33 in Sheffield's Addition to Chicago, and therein

and thereby released and waived all their rights under and by virtue of the homestead exemption laws of the State of Illinois, to the lands and premises aforesaid and proceeds of sale thereof, which said trust deed was duly acknowledged, and afterward recorded on the 29th day of December, A. D. 1894, in the recorder's office of Cook county.

The trust deed, among other things, provided that in the event of the failure of the mortgagors to keep the covenants and conditions thereof, and in the event of their failure to pay the principal or interest, or any part thereof, at the time or times specified in the said instrument, that the legal holder of the note might, at his option, declare the whole of said sum due, and take possession of the property and file a bill to foreclose the same, together with all reasonable costs of the proceeding, ten per cent solicitor's fees, and such other necessary costs and expenses as the legal holder of the note might have expended in relation to the same.

The property thus conveyed consisted of a lot known as No. 892 Girard street in the city of Chicago. It was improved with a two and one-half story brick building in front, and a two-story frame building on the rear.

At the time of the execution and delivery of the said promissory note and of the execution, acknowledgment, delivery and recording of the said trust deed, Remus and his wife were living in the frame building on said lot. They were occupying the said lot and had so occupied it continuously for many years, as a homestead.

Some time subsequent to the recording of the trust deed, Remus removed a portion of his personal effects from the premises on Girard street to certain premises known as No. 400 North Ashland avenue, where he opened a saloon and partially resided for several months. At the time of this removal he left a portion of his personal effects in the premises at No. 892 Girard street. On the 24th day of August, 1895, Remus removed all of his personal effects taken by him to the premises at No. 400 North Ashland avenue, back to the premises at No. 892 Girard street into one of

the flats in the brick building on the front part of said lot 69. During the time the personal effects in question had been in the premises at No. 400 North Ashland avenue, Remus had kept a kitchen in the premises on Girard street, but it does not appear whether he slept there or not.

On the 28th day of June, 1895, Remus and his wife defaulted in the payment of the interest due to the Bartholomae & Roesing Brewing and Malting Company, under and by virtue of their promissory note, and that company subsequently, on the 30th day of September, 1895, filed its bill of complaint to foreclose the trust deed in question. Among the parties defendant to this foreclosure proceeding were William Schroeder, Jr., and William Schroeder, Sr. Service was had upon all the defendants, and answers and amended answers were filed by each of them, and in due time replications were filed by the complainant to said answers.

In February, 1896, the said Schroeders filed a cross-bill, in and by which said cross-bill they averred that on the 27th day of September, 1894, judgment had been entered in their favor against Frederick Remus in the Circuit Court of Cook County for the sum of $548, which said judgment was still due and unpaid, and in and by which said cross-bill they prayed that the same might be decreed to be a superior lien upon the premises described in the original bill of complaint, to that of the complainants, Frederick S. Winston, trustee, and the Bartholomae & Roesing Brewing and Malting Company.

The case proceeded to a hearing before a master in chancery; as between the complainants and Frederick Remus and wife, both the master and the Circuit Court found that all the allegations of the complainants' bill were sustained, and decree was so entered.

As between the complainants, the Bartholomae & Roesing Brewing and Malting Company and Frederick S. Winston, trustee, and the cross-complainants, William Schroeder, Sr., and William Schroeder, Jr., the master found that at the time of the removal of Remus from the premises at No. 892

Bartholomae & Roesing Brewing Co. v. Schroeder.

Girard street to the premises at No. 400 North Ashland avenue, he did not intend to abandon his homestead in the first mentioned premises; that at the time of the recovery of the judgment in favor of the said Schroeders, the said Remus had a homestead in the premises known as lot 69; that he had not since that time abandoned said homestead, and that although the judgment of the said Schroeders was obtained prior to December 29th, the time when the trust deed was recorded, nevertheless inasmuch as the said Remus had conveyed by his trust deed his homestead estate in said premises, the complainants had a preferred lien upon the premises to the extent of $1,000.

To this report the cross-complainant filed various objections, among which were the following:

" 4.   For that the said master has found that said Remus and wife did not abandon their homestead in the premises in question, whereas said master should have found that they abandoned said premises and had no homestead therein, and that therefore these cross-complainants are entitled to prior and superior claim and interest to the other parties to this cause.

5.   For that said master has found that said brewery is entitled to a prior lien upon the premises in question to the extent of $1,000, whereas said master should have found that the said claim of the brewery was subject to these cross-complainants' interest in said premises."

These objections were overruled by the master. Subsequently the same objections were filed as exceptions in the Circuit Court.

On June 1, 1896, the exceptions came on to be heard before the court, and at such hearing the court sustained exceptions 4 and 5 aforesaid, and the court found that there had been an abandonment of the homestead estate in lot 69 by the said Remus and his wife subsequent to the recording of the trust deed to the complainant, and that the judgment lien of the cross-complainants was a prior lien upon the premises to that of the complainant, the Bartholomae & Roesing Brewing and Malting Company.   It was therefore ordered,

adjudged and decreed that in the event of the failure of said Frederick Remus and Wilhelmina Remus, his wife, to pay the amount found due to the complainants within five days subsequent to the entry of the decree, that the premises be sold, and that out of the proceeds there (first) be paid the costs of the litigation; (second) the judgment of the cross-complainants, and then out of the surplus, if any there was, the claim of the complainants. To the entry of the decree the complainants objected and appealed therefrom.

WINSTON & MEAGHER, attorneys for appellants.

HENRY N. STOLTENBERG, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

When witnesses testify, in the presence and hearing of the master, on all disputed questions of fact, where there is testimony so taken tending to establish the facts found, neither the chancellor, nor an Appellate Court on appeal, will review the master's findings in regard to the weight to be given to such evidence taken before him. The finding of the master in such case, as to matters referred to him, in regard to facts found to be established by the testimony, is as conclusive upon the parties as the verdict of a jury in a civil cause, and will be reviewed or set aside only for the same reasons that a verdict will be. 14 Am. & Eng. Ency. of Law, 940, notes 2 and 3; note 5, p. 1321, Vol. 2, Fifth Am. Ed., Daniell's Ch. Pl. & Practice; Whitcomb v. Duell, 54 Ill. App. 650; Friedman v. Schoengen, 59 Ill. App. 376; Howard v. Scott, 50 Vt. 48; Williams v. Lindblom, 163 Ill. 346; Hudek v. Ennesser, 66 Ill. App. 609.

There was no evidence warranting a setting aside of the findings of the master as to the homestead of Mr. Remus.

The fact that there were two buildings upon a single lot, only one of the dwelling houses being actually occupied by Remus, did not restrict his homestead interest to the house in which he lived. Stevens v. Hollingsworth et al., 74 Ill. 202; Hubbell et al. v. Canady, 54 Ill. 425.

If the property were susceptible of division, and the house occupied by Remus were, with the land upon which it was situate, of the value of more than one thousand dollars, a court of equity might, it would seem, under the authority of Stevens v. Hollingsworth, *supra*, separate and set off a homestead in such portion. Without such segregation, the homestead lien adheres to the entire premises.

The owner of a homestead may sell or mortgage such estate free from the lien of any judgment upon the premises; the grantee in such case takes the homestead estate which the grantor owned; such sale is not an abandonment, but a conveyance, of an estate in and to the premises. McDonald v. Crandall, 43 Ill. 231–236; Hartwell et al. v. McDonald, 69 Ill. 293–296; Lorrimer v. Marshall, 44 Ill. App. 645; Nichols et al. v. Spremont, 111 Ill. 631–633.

Mr. Remus owned, in the premises in question, an estate of homestead; this he mortgaged; such mortgage had precedence as to the homestead estate over the judgment of appellee, because the judgment was not a lien upon such estate.

The decree of the Circuit Court awarding to appellees a precedence as to their judgment is reversed, and the cause remanded, with directions to enter a decree in accordance with the prayer of the complainants' bill, and the report of the master.

MR. PRESIDING JUSTICE SHEPARD.

I concur with the majority of the court that the decree should be reversed, but not on the broad ground that the opinion seems to take, that the chancellor is concluded by the findings of the master upon disputed facts.

Where, except, perhaps, in matters of account, or of a reference as to some particular fact in dispute, a chancellor is willing to assume the labor of examining into the correctness of the findings of facts reported by the master, I think he may do so, in accordance with the long established practice in that regard in this State; and if he arrives at a different result than the master did, I should prefer to give the greater weight to his conclusion, even though he did not

see and hear the witnesses testify. I do not think that either under the statute concerning masters, or the practice in chancery as it prevails in this State, the findings of facts by masters in causes referred to them by a general order to take proofs and report the same with their conclusions, should be given such controlling effect as we have held; and I should be glad to retract in that direction, rather than to advance under the lead of decisions in some other States, where, perhaps, different powers than here exist may have been conferred upon masters, either by statute or settled practice.