·J. E. House, Appellee, v. John Linn & Company, Appellant.

Gen. No. 5,677.

1. CHANCERY—*when cross-bill not necessary on bill for an accounting.* Where a bill for an accounting between the parties as copartners contains a statement that complaiannt is ready and willing and offers to pay defendant what, if anything, appears to be due on taking the account no cross-bill is necessary for any relief defendant may seek on the subject of an account.

2. ACCOUNTING—*when findings of master sustained by the trial. court not disturbed.* Findings of a master on an accounting sustained by the trial court will not be disturbed on appeal unless clear mistake or fraud is shown.

3. PARTNERSHIP—*when partner estopped from demanding details of expense of certain work on bill for accounting.* Complainant in a bill against his copartner for an accounting is estopped from demanding details of the expense of picking and loading certain apples where he was present at various times when they were being picked and packed and acquiesced when the copartner told him that it was inconvenient to keep the cost of each car separate, and where he accepted statements showing the gross expense without calling for details.

4. PARTNERSHIP—*when partner justified in dealing outside partnership.* Defendant in a bill for an accounting by his copartner will be held justified in buying apples from a certain orchard and selling them to third parties where complainant by letter informed him that unless he could get better apples from such orchard he need not ship them but could buy them himself and have whatever there was in it.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied April 3, 1913.

Sheen & David, for appellant.

Page, Wead, Hunter & Scully, for appellee.

Mr. Justice Whitney delivered the opinion of the court.

This appeal involves questions of fact only, as appears from the assignment of errors. A Bill in Chancery was filed by appellee against appellant for an accounting between the parties as co-partners. Issues were made up, and the cause referred to a Master to take proofs and state and report an account, together with the testimony. The bill contained the usual prayer for an accounting, the complainant stating therein that he was ready and willing, and offered to pay to the defendant, what, if anything should, upon the taking of the account, appear to be due from him, so that no cross-bill became necessary for any relief the defendant in the bill might seek on the subject of an account. Clinton v. Winnard, 135 Ill. App. 274.

The master took the proofs, stated the account, and reported the same together with the evidence. Objections were heard before the Master and overruled, and the objections were made exceptions in the Circuit Court and overruled, and a decree was entered in favor of appellee for $149.83.

Appellant brings the case to this court by appeal. The findings of the Master upon an accounting, sustained by the trial court, on conflicting evidence, will not be disturbed on appeal unless clear mistake or fraud is shown. Williams v. Lindblom, 163 Ill. 346. We have examined the record in this case to determine whether there is any evidence of fraud or mistake, and see nothing that will justify a reversal on that account.

The facts and the proceedings in this case briefly stated, as shown by the record, are that appellant was a dealer in apples in Peoria. Appellee and appellant entered into a partnership arrangement by which ap-

pellee was to go into Green county, Illinois, and buy apple orchards, and pick and ship the apples to appellant at Peoria, and the latter should sell them, and they should divide the profits equally. One orchard (Prindle's) was bought and shipped, and certain carloads were bought, picked and shipped from an orchard known as Seel's orchard. When the work was completed and the apples sold, the partners disagreed as to the results, and this proceeding was the result of the disagreement.

Appellee charged the expense of picking and loading each car, in gross, and was unable to give at the hearing the items in details making up said expense, and it is claimed appellee owed it to his partner to keep an itemized statement of his expense, and that the master erred in allowing him the expense in gross, when he could not give the items. As to several of the cars, the partners stipulated that the items named in gross were the expense on those cars. The evidence shows that appellant was present at various times when apples were being picked and packed, and appellee told appellant it was not convenient to keep the expense of each car separate, and that appellant acquiesced, and that he received cars where the statements showed the gross expense and accepted the statement, and did not call for details. We think the master rightly concluded that by his course of conduct, he was estopped from demanding details from appellee so long afterward. At a certain stage in the work appellee ceased to pick and ship apples to appellant from the Seel orchard, but did thereafter buy apples from that orchard on his own account, and sold them to others than through appellant. Appellant claims appellee had no right to do this, and that he was entitled to an accounting thereof. Appellant wrote a letter to appellee in which he told appellee that unless he could get better apples from the Seel orchard than those already shipped, he need not ship any more from the Seel orchard, but that he could

buy those himself if he wanted to, and have whatever there was in it. This justified appellee in dealing thereafter with the Seel apples alone, outside of the partnership, and he did so. There is a controversy between the parties as to the number of barrels of apples contained in the last car received, whether it was 140 barrels as appellant claims, or 160 as appellee claims, and what the receipts were from those apples. Upon this question the evidence was conflicting. Appellee swore 160 barrels were shipped. The bill of lading seems to show 160 barrels, and appellant once stated there were 160 barrels. There is evidence there were only 140 barrels. The evidence is conflicting as to how much was received for those apples. Appellant now claims that many barrels were rotten and lost. There is evidence supporting the report, and evidence against it. And indeed appellant once stated he got $3.85 for these apples, which he afterwards denied. The master saw these witnesses who gave this conflicting testimony. There is testimony in the record to support the master's conclusion. He evidently believed the witnesses for appellee. There is no such great preponderance of the evidence for appellant as to authorize us to reach a different conclusion. The master's report is well supported by the evidence. Seeing no error in the record the decree of the court below is affirmed.

*Affirmed.*